THE CITY OF SALINA v. F. W. COOPER.

1. PLEA—*Guilty—Not Guilty—Revocation and Substitution.* Where a defendant was arrested for selling liquor in violation of a city ordinance, and taken before the police judge and called upon to plead to the complaint filed against him, and admitted that he sold beer in original packages; and upon said admission, the police judge entered the plea of guilty on his record, and adjudged the defendant to pay a fine and costs, and stand committed until such fine and costs were paid; and in a few minutes after the entry of such judgment the defendant asked leave of the court to withdraw the plea of guilty and enter the plea of not guilty; and presented an affidavit stating that when arrested he became very much excited; that there was a large crowd in the court-room; that he was not asked by the court if he wanted counsel, nor was he given an opportunity to employ anyone; that he was not guilty of selling intoxicating liquors in violation of law or the ordinances of the city; and that he had never admitted that he had sold liquor in violation of law; and the police judge overruled said application, and the case is appealed to the district court, where application is again made to withdraw the plea of guilty, upon a similar showing, and refused; and defendant is again sentenced to pay a fine and costs: *Held,* That under the showing made, the district court should have permitted the defendant to withdraw the plea of guilty entered by the police judge, and should have allowed the plea of not guilty to be substituted.

2. PRACTICE—*Jurisdiction—Overruling Plea.* It is proper for the district court to overrule a plea to the jurisdiction of the court, which substantially raises the question of the guilt or innocence of the accused.

*Appeal from Saline District Court.*

PROSECUTION for selling intoxicating liquors contrary to the ordinances of the *City of Salina.* The defendant *Cooper* appeals from a judgment against him at the June term, 1890. The opinion states the facts.

*J. G. Mohler,* for appellant.

*W. T. Frazier,* and *Garver & Bond,* for appellee.

Opinion by GREEN, C.: This is a criminal appeal from Saline county. The defendant was arraigned in the police

court of the city of Salina, a city of the second class, to answer four complaints filed against him, charging him with unlawfully bartering, selling and giving away intoxicating liquors, contrary to the ordinances of the city. It appears from the record that the defendant pleaded guilty to each one of the complaints, and sentence was duly passed upon him, and entered of record. After conviction and sentence, he filed a motion, supported by affidavit, for leave to withdraw the former pleas of guilty, and enter a plea of not guilty to each complaint. This motion was denied. The case was then appealed to the district court. When application was again made to withdraw the pleas of guilty and enter pleas of not guilty, which was refused, the appellant then interposed his plea to the jurisdiction of the court. The facts, as claimed by the appellant, material to the application for leave to withdraw the pleas of not guilty, as well as the plea to the jurisdiction of the court, are: That when arrested by the city marshal he was immediately taken before the police judge, who read to him the four complaints and asked him if he was guilty; that appellant admitted that he sold beer in the city of Salina, in the original packages in which they had been shipped into the state, and upon being pressed to answer whether he was guilty or not, said he was guilty of selling beer in original packages; that upon making such admission, the police judge accepted the same as a plea of guilty upon each complaint; that when arrested, he became very much excited, and was not asked by the court if he wanted counsel, neither was he given an opportunity to employ anyone to appear for him; that there was a large crowd in the court-room, and but a short time was consumed from the period when he was brought before the court until judgment was entered against him in the four cases; that appellant was not guilty of selling intoxicating liquors in violation of law or the ordinances of the city of Salina, and did not admit that he sold intoxicating liquor in violation of law or the ordinances of the city; that he was and is a citizen of the state of Missouri, and agent of the Ferd. Heim Brewing Company, of Kansas

City, Missouri, a corporation of the state of Missouri, duly chartered under the laws of said state; that the business of said corporation is to brew, manufacture and sell lager beer, an intoxicating liquor; that said corporation brewed a lot of lager beer and put it in original packages and sent a car-load of their product from their brewery, in Kansas City, in the state of Missouri, in original packages, as made up at said brewery, where the same was manufactured, to Salina, in Saline county, Kansas, in charge of the defendant, as agent for said importers, the Ferd. Heim Brewing Company; that said goods were in original packages in a store-room leased by defendant, as agent of said brewing company; that all the selling, bartering or giving away by defendant of beer in Salina was the selling and bartering of the same, in original packages, and lawful under the laws and constitution of the United States.

The plea to the jurisdiction was also overruled, and the defendant was thereupon sentenced, upon the plea of guilty entered in the police court, and adjudged to pay a fine of fifty dollars, and stand committed until such fine and costs were paid.    The appellant asks a reversal of this sentence and judgment.

I.  The first assignment of error which we shall notice, is the action of the court below in overruling and denying the motion of the appellant for leave to withdraw the pleas of guilty, entered by the police judge, and enter the pleas of not guilty. The cases were on appeal from the police court, and the district court seemed to have considered them just as they came from the police judge, with the plea of guilty standing against the defendant in each case.    Was it manifest error for the court to refuse this request?    It appears from the uncontradicted statement of the appellant that he had been arraigned before the police judge in the presence of a large crowd ; was very much excited, and was not asked whether he wanted an attorney ; neither was he given an opportunity to secure one, and claimed that the police judge had no right to construe what he said, in regard to the sale of beer in original packa-

ges, as an admission that he was guilty, or that he intended to say that he was guilty, as charged in each of the complaints; that everything was done so hurriedly, and under so much excitement, that he did not know what was going on or being done, and was not aware that he had had a hearing until he sent for and procured counsel; that he was entirely innocent of the offenses charged against him. We think the court below, upon this showing, should have sustained the motion, and permitted the defendant to withdraw the former pleas of guilty entered against him by the police judge. All fairness should be accorded to a defendant in a criminal case, in every stage of an examination or trial. No advantage should be taken on account of his being in court without counsel. It always should be one of the first duties of a court, where a defendant is charged with a crime and is about to be called upon to plead, to inquire whether he has or is able to procure counsel; and if not, and he desires it, to see that he has an attorney to represent him. When a plea of guilty has been entered against a defendant, who is without counsel, and there is a question as to whether he intended to plead guilty, the court should permit the withdrawal of such plea in furtherance of the substantial rights of the defendant. Under the state of facts disclosed by the record, it was clearly the duty of the court to accord such a right to the appellant in this case. The law has been well stated in the case of *Cochrane v. The State*, 6 Md. 400. Le Grand, C. J., said:

"It must be confessed that there is no little indistinctness in the reported cases whether the rights to withdraw the plea of not guilty and to demur belongs unconditionally to the prisoner, or is a matter of favor to be granted by the court. We think, however, that the better opinion is, clearly the justice in the matter, that the prisoner has the right."

In the case of *Myers v. The State*, 18 N. E. Rep. 42, the supreme court of Indiana held that a judgment should be set aside which had been rendered against a defendant on a plea of guilty, upon a proper showing that the sheriff had told the defendant that the state's attorney would accept a sentence

of two years, if defendant would plead guilty; that the sheriff advised him to do so; that he was ignorant, and was arraigned without the privilege of consulting counsel; and that he was innocent. The court, in the course of the opinion, said:

"The rule is, that courts may exercise a discretion in allowing or refusing leave to withdraw pleas of guilty, and that an appellate court will not interfere unless there has been an abuse of such discretion. We think that this a case in which this court is justified in holding that the court below ought to have exercised its discretion in favor of appellant, or, in the language of the law, that the court below abused the discretion which it was authorized to exercise. No possible harm could have resulted, or can now result, to the state by allowing appellant to withdraw his plea of guilty and substitute a plea of not guilty. If he is innocent of the charge, as he has all the while and under all circumstances claimed, he ought to have a fair opportunity for a defense. If he is guilty, the state may have an opportunity to establish that guilt under a plea of not guilty. In the conclusion we have reached here, we are sustained by the authorities."

As to the authorities sustaining this doctrine, see: *Nicholls v. The State*, 5 N. J. Law, 539; *People v. McCrory*, 41 Cal. 458; *People v. Scott*, 59 id. 341; *Swang v. The State*, 2 Coldw. (Tenn.) 212; *The State v. Hale*, 44 Iowa, 96; *The State v. Stephens*, 71 Mo. 535.

II. The next assignment of error is in overruling and denying the plea of the appellant to the jurisdiction of the court. We see no error in this. All that was set out in the plea was plainly a matter of defense and could be shown when the cases were tried upon their merits, and the plea did not properly challenge the jurisdiction of the court.

It is unnecessary to notice the other assignments of error, as our view of the first complaint considered will necessitate a reversal of the judgment of the court below.

We recommend a reversal of the judgment in this case.

By the Court: It is so ordered.

All the Justices concurring.