## Annie Woolf, Defendant in Error, v. Peter F. Deahl, Plaintiff in Error.

### Gen. No. 14,830.

1. AMENDMENTS AND JEOFAILS—*when nunc pro tunc order improper.* A court cannot, under guise of amending its record, correct judicial errors or remedy the effect of judicial non-action.

2. VERDICTS—*when against one defendant will not sustain judgment in action against two.* If a verdict is rendered, in an action against two defendants, against one defendant only, without naming such defendant, a judgment predicated upon such a verdict will be set aside and a *nunc pro tunc* order of discontinuance as to the other defendant will not cure the irregularity.

3. MASTER AND SERVANT—*burden to show injury not caused by fellow-servant.* The burden is upon the plaintiff to show that the injury in suit was not caused by the act or omission of a fellow-servant.

Action in tort for personal injuries. Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed January 18, 1910. Rehearing denied January 28, 1910.

ILES & MARTIN, for plaintiff in error.

LEE & LEE and DAVID J. LYON, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendant in error, Annie Woolf, brought an action in the Municipal Court in tort for personal injuries against plaintiff in error, Peter F. Deahl, or Deohl (it appears both ways in the record) and the Derby Steam Laundry Company, a corporation, defendants.

The plaintiff's claim filed sets out a joint employment of plaintiff by the defendants as follows:

"P. F. Deahl, 141 East Ontario street,
    The Derby Steam Laundry Co.,
                              141 East Ontario street.
                Bill of Particular.
Plaintiff's claim is for damages for personal in-

juries sustained by plaintiff on, to-wit: August 15, 1907, while in the employ of said defendant at 141 East Ontario street, Chicago, Illinois, caused by her first finger being caught in the laundry mangle of said defendant.''

A summons was issued against both defendants and both were duly served; and both appeared and defended.

On the trial the jury returned the following verdict on May 23, 1908: ''We, the jury, find the defendant guilty, and assess the plaintiff's damages at the sum of Three Hundred Fifty 00/100 Dollars.''

From the ''Statement of Facts and Law,'' certified to by the trial judge and filed in the cause, it appears, in substance, that the plaintiff was employed and was working at the Derby Steam Laundry, 141 E. Ontario street, Chicago, on or about August 15, 1906; that on that date she was working at a mangle, a machine used for ironing flat, unstarched goods, and the first finger of her left hand was slightly caught in the mangle. When her finger was caught plaintiff cried out, and ''the defendant by his agent in charge of operating said machinery * * * immediately went to and without further investigation grasped the lever controlling the speed of said mangle and controlling the operation of the same, increased the speed of the machinery and in the wrong way, which caused the mangle to operate faster and quickly drew the finger within the hot rolls of the mangle, when he should have stopped the machinery and reversed the revolutions of the mangle to withdraw the finger; that the result of the finger being so drawn into the mangle was to burn and crush the end of the finger for a distance of about one-half inch so that the end of the finger including the nail shriveled up and disappeared.''

Upon the return of the verdict the defendants entered their motion for a new trial which was continued several times, and finally on June 26, 1908, the court set aside the verdict as to the Derby Steam Laundry Company; and further ordered that the suit ''be, and

the same is hereby discontinued as to the said defendant the Derby Steam Laundry Company, *nunc pro tunc* as of May 27, A. D. 1908."

The power of a court during the term at which a record is made, to amend or correct it so as to make it speak the truth, has never been questioned, it being a fiction of the law that during the term at which any judicial act is done the record remains in the breast of the judges of the court, and therefore alterable as they may direct. But the control of the court over its records is limited to the power of making the records show what the judicial action really was. A court cannot, under the guise of amending its record, correct judicial error or remedy the effect of judicial non action. Ency. of P. & P., vol. 17, p. 912.

The *nunc pro tunc* order quoted above, discontinuing the suit at a day prior to the trial, does not purport to be based upon any action of the court on that day, or any omission of the clerk to enter and record any order of court then made. The record does not speak on this point. As said in Lindauer v. Pease, 192 Ill. 456: "The office of an order *nunc pro tunc* is only to supply some omission in the record of an order which was really made but omitted from the record. * * * No court has a right to create an order by that method or to supply an order which was never in fact made. A *nunc pro tunc* order cannot be made to supply an omission to make an order, but only an omission in the record of the order. (Hawley v. Simons, 157 Ill. 218; 15 Ency. of Pl. & Pr. 344; Perkins v. Hayward, 132 Ind. 95; Nabers v. Meredith, 67 Ala. 333.)" In the absence of anything in the record showing that an order of discontinuance was made on May 27, 1908, the order was and is invalid and ineffectual in so far as it attempts to discontinue the action as of May 27, 1908, as to the defendant, the Derby Steam Laundry Company. At the time of the trial, then, there were two defendants to the action, and both defendants made the motion for a new trial. The verdict, however, signed by the jurors and entered of record, was against

one defendant. The recorded verdict, being against only one of the defendants, without naming which one, is clearly insufficient to support a judgment, as it fails to show which defendant was convicted, and which acquitted. Lambert v. Borden, 10 Ill. App. 648. The verdict amounted to a negative finding of not guilty to one of the defendants, but it does not appear which one. It may have been the plaintiff in error. Wilderman v. Sandusky, 15 Ill. 60.

If the statement of facts in the record is a fair and full statement of the proof made on the trial, the evidence failed to make out a case against the defendants in at least two essential particulars. There is no proof of due care on the part of the plaintiff for her own safety. This is necessary when no wilful tort is shown. C., B. & Q. Ry. Co. v. Johnson, Admr., 103 Ill. 512, 521; C., B. & Q. Ry. Co. v. Hazzard, 26 *id.* 373. Second, the evidence fails to show that the servant in charge of operating the machinery was not a fellow-servant. The word "agent" as used in the statement means simply an employe or servant of the defendants; and it appears that such employe or servant was engaged in operating the same machine at which the plaintiff was working, thus warranting the inference that they were fellow-servants. The burden of proving that the servant causing the injury was not a fellow-servant rested upon the plaintiff. Joliet Steel Co. v. Shields, 134 Ill. 209-214; Chicago City Ry. Co. v. Leach, 208 Ill. 198.

For these errors the judgment must be reversed and the cause remanded for a new trial. It is unnecessary, therefore, for us to express at this time any opinion as to the effect of the release shown in the record, as it would not guide the court or the parties on the trial of the cause.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*