D. W. SMITH *v.* HONORABLE GEORGE S. WALLACE, *Special Judge, etc.*

(No. 8302)

Submitted October 23, 1935. Decided November 5, 1935.

*Thomas West,* for petitioner.
*W. H. Norton* and *Jean F. Smith,* for respondents.

HATCHER, JUDGE:

The petitioner seeks to prohibit the enforcement of two orders entered by the respondent as special judge of the circuit court on June 7 and 28, 1935, respectively, in the cause of Branchland Pipe & Supply Co. v. King, Trustee, et al. The petitioner alleges lack of jurisdiction to enter the orders.

A decree had been entered in the Branchland cause at a special term of the court held on March 16, 1934, adjudicating liens on certain real property and directing its sale. The property was sold April 28, 1934, the sale and the report of commissioners thereon were confirmed May 26, 1934, and the cause omitted from the docket May 31, 1934. The order of June 7, 1935, set aside the decree of March 16, 1934, and the subsequent proceedings auxiliary thereto. The order of June 28, 1935, directed a resale of the property.

The respondent would justify the orders of June 7 and 28, 1935, on the ground that no notice of the decree entered at the special term (March 16, 1934) was given by the plaintiff to the interested parties, and that a local court rule required such notice.

The law is settled in this jurisdiction that courts have inherent power to establish such a rule as the one herein (so essential to the administration of justice), that the rule has the effect of law, and that a judgment rendered in violation thereof "is properly set aside upon motion of the party injuriously affected thereby." *Star Piano Co.* v. *Burgner*, 89 W. Va. 475, 109 S. E. 491. Accord: *Hall* v. *O'Brien*, 97 W. Va. 77, 124 S. E. 507; *Altmeyer* v. *Fassig*, 114 W. Va. 266, 171 S. E. 529. But a general replication was filed to the answer of this respondent, placing in issue the existence of the rule invoked. The record herein does not contain the rule or any evidence relating to the rule. (See generally thereon 15 C. J., subject Courts, sec. 296.) Moreover, in every West Virginia case examined on this subject notice of the motion was given—a wholesome prerequisite. See *Rr. Co.* v. *Rr. Co.*, 17 W. Va. 812, 835; 46 C. J. on Notice, sec. 49. No notice was given to the interested parties of the motion of June 7, 1935. Thus the movant would have achieved his purpose by the very practice because of which he would upturn the decree of March 16, 1934. Two wrongs no more make right at law than in society. We do not overlook a recital in the order of June 7, 1935, that when the motion was made "counsel for plaintiff and other interested parties" were present in court. At that time, however, the Branchland cause had been off the docket for more than a year. There is no evidence that

counsel still represented his former clients, and the circumstances afford no presumption that he did. Consequently, we are of opinion that the mere presence of such counsel in court did not satisfy the requirement that the movant give formal notice of his motion.

The writ is accordingly awarded.

*Writ awarded.*