No. 14,003.

WEYDEVELD v. WEYDEVELD.
(67 P. [2d] 72)

Decided April 12, 1937.

302

Mr. HARRY C. GREEN, for plaintiff in error.

Mr. PHILIP B. GILLIAM, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as plaintiff and defendant in error as defendant. They were divorced in 1930 and defendant ordered to pay alimony. The amount thereof eventually became a matter of dispute and finally of misunderstanding. Citation was issued against defendant for failure to pay. Hearing was had thereon and the trial judge found no contempt. To review that judgment this writ is prosecuted.

The original order was for $30 per month. Defendant moved to modify. As disclosed by the court reporter's notes the order was granted June 8, 1932, and the amount thereby reduced to $20, but that order was not entered by the clerk. At the time it was made defendant was in arrears. He paid the $20 monthly as directed until May, 1936, when this citation issued. Plaintiff here contends that the court was powerless to grant defendant's application for a reduction while he was in arrears, and powerless to supply the missing order from the reporter's notes, hence defendant was indebted to her in the sum of $427 and in contempt for failure to pay.

Apparently plaintiff knew that defendant's position was that he was paying as per order. In case of doubt her knowledge and long silence should foreclose her, but we dispose of the writ on the points relied upon.

1. Was payment in full to date of the application a condition precedent to the court's power to reduce? The best reason for reduction is inability to pay, but payment is prima facie proof of ability. Thus payments once fixed would become unalterable. The proposition answers itself. Modification is clearly discretionary and discretion depends upon the facts. ('35 C. S. A., vol. 2, p. 1230, c. 56, §8 (C. L. 1921, p. 1504, §5599); *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1061; *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766.

2. That the court made the order of June 8, 1932, and that the clerk failed to enter it was adjudged and is, beyond doubt, true. Can the record be supplied? If not, the clerk becomes the court with plenary power over its judgments. He may enter and thus vitalize them, or ignore and thus nullify. Such conclusion is unthinkable. The court has inherent power to correct palpable errors in its record. *Wheeler v. People,* 63 Colo. 209, 165 Pac. 267; 7 R. C. L., p. 1019, §47; p. 1021, §48; 15 C. J., p. 980, §405.

Plaintiff's remedy, if she has any, is an application for an increase.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.