CECIL B. HIGHLAND, *Executor, etc. v.* THE HONORABLE
HOMER STROSNIDER, *Judge, etc.*

(No. 8610)

Submitted April 28, 1937. Decided May 18, 1937.

*Lawrence R. Lynch,* for relator.
*Powell & Clifford* and *Strother & McDonald,* for respondent.

HATCHER, JUDGE:

Upon bill and exhibits in the cause of Highland, Executor, v. Tiger Mountain Oil Co. *et al.,* Honorable Homer Strosnider, Judge of the Circuit Court of Harrison County, in vacation and without notice, enjoined defendants temporarily from selling certain collateral which secured an obligation of the Highland estate to the Oil Company. The day after the injunction was awarded, Judge Strosnider, in vacation, without notice, and upon his own motion, set aside the order of injunction. The executor seeks herein by mandamus to have Judge Strosnider required to annul the later order.

The executor takes this position: the respondent had no power to enter the second order except that conferred by statute; Code, 53-5-11, provides that an injunction may be dissolved in vacation "after reasonable notice to the adverse party"; without notice the statute is not operative; and since notice was not given, the respondent did not have authority to set aside the enjoining order. The respondent takes this position: the allegations of the bill did not warrant injunctive relief; and by virtue of inherent and statutory powers, he could without notice retrieve the error of granting the injunction.

We are of opinion that the position of the executor is well taken. The errors which a judge or court has inherent power to correct at any time, except as restrained by statute, are limited to clerical and such other errors of record, as prevent it from expressing the judgment rendered. *Dwight* v. *Hazlett*, 107 W. Va. 192, 196-7, 147 S. E. 877, 66 A. L. R. 102; *Vance* v. *Ravenswood S. & G. Ry. Co.*, 53 W. Va. 338, 340-1, 44 S. E. 461; Freeman, Judgments (5th Ed.), sec. 145; Annotation, 10 A. L. R. 526, 540. Except for such corrections, "a court has no power to enter an order or decree in vacation, unless so authorized by statute." *Kinports* v. *Rawson*, 29 W. Va. 487, 2 S. E. 85. Accord: *McGibson* v. *County Court*, 95 W. Va. 338, 342, 121 S. E. 99, which states explicitly that authority to dissolve an injunction in vacation is not an incident of general judicial power. The instant enjoining order contains no omission of fact and no clerical mistake; it expresses the judgment respondent intended to render. So its error, if error at all, is of law and cannot be mended in vacation under general judicial power. "A court cannot, under guise of amending its record, correct judicial errors." *Woolf* v. *Deahl*, 152 Ill. App. 357. Accord: *Kaufman* v. *Shain*, 111 Cal. 16, 43 P. 393, 52 Am. St. Rep. 139; *Karrick* v. *Wetmore*, 210 Mass. 578, 97 N. E. 92; Annotation, 10 A. L. R. 548, 550-1; Annotation, 67 A. L. R. 834-5; Freeman, *supra*, section 141; 7 R. C. L., Courts, sec. 47; 15 C. J., Courts, sec. 395.

Drawing an analogy between the injunctive order and a judgment by default, respondent would claim statutory

authority under 58-2-4 which authorizes a judge in vacation, *on motion*, to reverse a judgment by default for judicial error. Lack of notice dispels this claim also; because 58-2-6 provides that "Every motion under this article shall be after reasonable notice to the opposite party * * *." The statute "demands such notice" to be given. *Morrison & Co.* v. *Leach*, 55 W. Va. 126, 47 S. E. 237.

The legislature has the right in conferring special power upon a judge to impose a condition upon the exercise of the power. *Morin* v. *Claflin*, 100 Me. 271, 275, 61 A. 782. *Prior notice to the complainant* is the condition imposed by 53-5-11 upon the special vacational power of dissolving an injunction. Satisfaction of this condition must be held to be mandatory, because it is essential to the administration of civil justice that an interested party ordinarily have notice of any proposed step which affects his rights. *Smith* v. *Wallace*, 116 W. Va. 546, 182 S. E. 538. Without satisfaction of the condition, an exercise of the power is therefore invalid. *French* v. *Pocahontas Coal & Coke Co.*, 87 W. Va. 226, 229, 104 S. E. 554; *Newman* v. *Light*, 152 Va. 760, 768, 148 S. E. 818; *Carleton* v. *Washington Ins. Co.*, 35 N. H. 162, 166-7; *Crepps* v. *Durden*, Smith's Leading Cases (8th Am. Ed.), note 1127, et seq.; Works, Courts and Their Jurisdiction, 88. Consequently, we are of opinion that the respondent was without authority to set aside the injunction order.

Under *Conner* v. *Hudson*, 118 W. Va. 64, 188 S. E. 754, mandamus lies to require nullification of the second order, and the writ will issue.

*Writ awarded.*