People of the State of Illinois, Plaintiff-Appellee, v. Maurice Mitchell and Gary V. Lillie, Defendants-Appellants.

Gen. No. 65–38.

Fifth District.

January 24, 1966.

Boswell & Boswell, of Harrisburg, for appellants.

Robert V. Wilson, of Harrisburg, for appellee.

GOLDENHERSH, P. J.

Defendants appeal from the judgment of the Circuit Court of Saline County finding them guilty of violation of the conditions of their probation. The court ordered the probation terminated and sentenced defendants to the penitentiary for not less than 15 nor more than 20 years.

The record shows that defendants appeared for arraignment with employed counsel, waived indictment and thereupon, after proper admonition, entered pleas of guilty to an information charging burglary. The court accepted the pleas of guilty and entered judgments thereon. The court inquired whether The People or the defendants desired to offer evidence in mitigation or aggravation. Defendants' counsel moved that defendants be admitted to probation, the State's Attorney recommended the motion be allowed, and defendants were placed on probation for a period of three years.

On the same day on which defendants were admitted to probation, the Governor of Illinois issued an executive warrant ordering the arrest of defendants for extradition to Kentucky. They were taken into custody a week later, and approximately 4 months later, were given into the custody of an agent of the state of Kentucky for delivery to that state.

Approximately 7 months after defendants were delivered to Kentucky, the State's Attorney filed a petition charging violation of the conditions of defendants' probation. A warrant was issued, defendants were apprehended

in Georgia, waived extradition, and were returned to Illinois.

Defendants filed a motion to strike the petition charging violation of probation on the ground that the court was without jurisdiction, because upon delivery of the defendants to Kentucky, the court lost jurisdiction of the defendants. The circuit court denied the motion, defendants answered the petition, the court heard evidence on the petition, found defendants had violated the conditions of probation, imposed sentence, and this appeal followed.

Defendants contend that the circuit court lost jurisdiction for all purposes when defendants were delivered to the state of Kentucky, and in the alternative, if the court had jurisdiction, the evidence fails to support the finding that defendants had violated the conditions of probation. Finally, defendants urge that if the judgment be affirmed, the sentence imposed is unduly harsh and should be reduced.

In support of their contention that the court was without jurisdiction, defendants rely on People ex rel. Barrett v. Bartley, 383 Ill 437, 50 NE2d 517, 147 ALR 935. Defendants argue that had they been incarcerated in the penitentiary at the time of their extradition and delivery to Kentucky, under the holding in Barrett v. Bartley, further jurisdiction over them would be deemed waived. They further contend that in People ex rel. Barrett v. Bardens, 394 Ill 511, 68 NE2d 710, the Supreme Court held probation to be a substitute for imprisonment, and it follows, therefore, that the rule enunciated in Barrett v. Bartley applies.

We disagree with defendants' contention. Barrett v. Bartley was decided in 1943, prior to the enactment of the Uniform Criminal Extradition Act, ch 60, § 18 et seq., Ill Rev Stats 1965, in which there is an express nonwaiver by the asylum state which honors the extradition request of another state. Absent the enactment

126

of the Extradition Act, we question the applicability of Barrett v. Bartley in view of the language on page 442, where the court said: "Had McLaughlin been extradited while absent from the prison and while on parole it would have created a different situation." Although not stated, the distinction appears to arise from the fact that a parolee continues under the jurisdiction of the Parole and Pardon Board until discharged. A person admitted to probation continues subject to the jurisdiction of the court. Ch 38, § 117–1(c), Ill Rev Stats 1965.

Subsequent to the hearing on the petition for revocation of probation the court enumerated the paragraphs on which it found each defendant guilty. As to the defendant, Lillie, the evidence sustains the court's finding on each paragraph with the exception of paragraph 9, on which no evidence was offered. As to defendant, Mitchell, the court's findings are sustained by the evidence. The evidence amply sustains the judgment of revocation of the defendant's probation and although the court's finding on paragraph 9 as to Lillie must be set aside, the judgment of revocation is affirmed.

 There remains for consideration defendants' contention that the sentence imposed is unduly harsh and should be reduced. The record shows that in April, 1964, the State's Attorney joined with defense counsel in recommending defendants be admitted to probation. Less than one year later, another judge imposed sentences of not less than 15 nor more than 20 years. Assuming defendants to be guilty of all of the violations of the conditions of probation charged in the petition for revocation, the sentences appear unduly severe. Nor are we persuaded that the record warrants the imposition of the same sentence on each defendant, for the reason that although the degree of complicity in the original offense appears equal, there is some variance in the nature of the violations of conditions of probation charged in the petition for revocation.

■ ■ Under the provisions of the Code of Criminal Procedure of 1963, this court is vested with power to reduce the sentence imposed by the trial court, ch 38, § 121–9(b)(4), Ill Rev Stats 1965. The intelligent exercise of such power requires that the record reflect the information contemplated by the provisions of section 1–7(g) of the Criminal Code of 1961, ch 38, § 1–7(g), Ill Rev Stats 1965. In People v. Taylor, 33 Ill2d 417, at page 424, 211 NE2d 673, the Supreme Court, through Mr. Justice Underwood said, "We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant (Ill Rev Stats 1963, c 38, par 121–9 (b)(4)), such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." In the absence of an opportunity to review the evidence adduced at the hearing in aggravation and mitigation, this court is unable to review the propriety of the sentence imposed. This court has stated that such hearing may be waived (People v. Harris, 66 Ill App2d 46, 213 NE2d 588), but this record contains nothing to indicate any waiver of the right to present such evidence.

For the reasons herein set forth, the judgment of the circuit court revoking the probation of the defendants is affirmed, and the cause is remanded to the Circuit Court of Saline County with directions to vacate the sentence imposed, and for further proceedings thereafter consistent with this opinion.

Judgment affirmed, cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.