THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL LAMPKINS, Defendant-Appellant.

(No. 58575;

First District (4th Division)—April 23, 1975.

David Lincoln Ader, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal by the defendant, Cecil Lampkins, from a judgment entered by the Circuit Court of Cook County, revoking his probation for violation of a penal statute, carrying a concealed weapon in violation of section 24—1(a)(4) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4)). Defendant was sentenced to a term in the penitentiary of not less than 4 nor more than 10 years plus the 5-year parole term. This sentence was to run concurrently with the sentence imposed for the unlawful use of weapons conviction.

Defendant has, in a separate appeal, asked this court to review his conviction under section 24—1(a)(4). We have considered defendant's arguments there and in an opinion announced today, we affirm that conviction with a reduction of the sentence imposed. (*People v. Lampkins*, 28 Ill.App.3d 246, —— N.E.2d ——.) Many of the facts and questions of law relating to this appeal were discussed and considered in that opinion. We see no need to reiterate those parts and they will be referred to rather than fully discussed in this opinion.

On April 13, 1970, defendant entered a plea of guilty to charges of aggravated incest (Ill. Rev. Stat. 1967, ch. 38, par. 11—10(a)(1)). He was placed on probation for 5 years, with the first year to be served in the Cook County Jail. On January 26, 1973, a hearing was held to determine whether defendant had violated his probation as a result of his arrest and conviction for carrying a concealed weapon, as detailed in the accompanying opinion of this court noted above. Briefly, the State introduced the testimony of one of the arresting officers and a certified copy of the conviction. The defendant testified in his own behalf and

offered several other witnesses. The court found that defendant had violated his probation and sentenced him to serve the term from which he now brings the instant appeal.

The following issues are raised as error by defendant in his appeal to this court:

(1) That the trial court placed defendant in double jeopardy by reinstating a rule to show cause why defendant's probation should not be revoked, and by holding a hearing on the reinstated rule;

(2) That the hearing on the reinstated rule to show cause was barred by the former prosecution provision of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(a));

(3) That the trial court was without power to vacate the order quashing the rule to show cause and vacating the order reinstating defendant to probation;

(4) That defendant did not violate his probation since he had not committed the offense of unlawful use of weapons due to a statutory exemption (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1(a)(2) and 24—1(a)(6));

(5) That defendant had not violated his probation since he had proven the defense of necessity (Ill. Rev. Stat. 1973, ch. 38, par. 7—13);

(6) That the trial court had erred in not allowing into evidence certain extra-judicial statements offered by the defense to corroborate defendant's testimony relating to his defense of necessity; and

(7) That certain statements excluded as hearsay were not such and should have been allowed into evidence at the hearing.

■■ The first three issues raised by defendant on this appeal all relate to a proceeding held on January 9, 1973, to determine whether defendant's probation should have been revoked. At this time, the State was not prepared to proceed except for a certified copy of the conviction for carrying a concealed weapon. This was properly not admissible as this conviction was being appealed to this court and the rule to show cause was quashed. On January 22, 1973, the order of January 9, 1973, was vacated and the rule was reinstated by the court. The threshhold issue for this court to consider before further consideration of defendant's argument is the effect of all this on the January 26, 1973, hearing. The granting of probation is a privilege and not a clear legal right, granted within the sound discretion of the trial court. The trial court maintains a continuing jurisdiction over the probationer during that time period. (*People v. Rodgers,* 2 Ill.App.3d 507, 276 N.E.2d 504; *People v. Mitchell,*

67 Ill.App.2d 124, 214 N.E.2d 129.) For a concise discussion of the nature and attributes of probation see the opinion of Mr. Justice Goldberg in *People v. Henderson*, 2 Ill.App.3d 401, 276 N.E.2d 372. The trial judge considered this initial proceeding when he reinstated the rule to show cause and stated that no evidence had been received or heard by the court and defendant, as within the court's power, was continued on probation. We agree with the trial judge's view of the January 9 proceeding. We have examined the record of that proceeding, as urged by defendant, and we find that it was within the court's continuing power to hold the hearing on January 26, 1973, and to do so was not violative of the defendant's protection against being placed in double jeopardy and was not barred by the former prosecution section of the Criminal Code since no evidence had been heard and no determination made during the January 9 proceeding.

■■ In the opinion of this court affirming defendant's conviction for carrying a concealed weapon, we considered and rejected defendant's argument that the exemption for jail keepers and those transporting weapons to them applied to him and the defense of necessity. The same arguments and fact situation are again presented on the instant appeal. We are of the opinion that there is no merit in these arguments and would rely upon our findings to that effect in the opinion on the appeal from that conviction. The same argument relating to the exclusion as hearsay of testimony by certain witnesses to the extra-judicial statements of a third party, Floyd Williams, was presented to this court in the accompanying appeal and also rejected. We see no reason to find otherwise in the instant appeal.

■■ During the hearing of the rule to show cause certain testimony of defendant as to statements made to him by Floyd Williams was not allowed into evidence by the court as hearsay. Defendant argues that he was seriously harmed by these rulings, which did not allow him to properly present his defense of necessity. We note, however, that defendant's necessity theory was based on his belief that Williams was in an agitated or intoxicated state and he feared that Williams would use the gun to harm someone. Testimony relating to this belief and its basis was in fact allowed by the court, including the following:

"THE COURT: Why did you take the gun from Mr. Williams?
DEFENDANT: To prevent him from committing a crime.
        * * *

MR. ADER [Defendant's Counsel]: Did you believe the crime was imminent?
DEFENDANT: Yes, I did.

* * *

THE COURT: Your answer is that he [Williams] was intoxicated or under the influence of a drug?

DEFENDANT: Yes.

THE COURT: I'll let that stand."

It is clear from the record that defendant was allowed to present his defense of necessity to the court for its consideration. If there was any error committed by the trial court in excluding some parts of defendant's testimony, such error was harmless and resulted in no harm to defendant.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.