(824 P.2d 998)
No. 66,534

STATE OF KANSAS, *Appellee,* v. MICHAEL J. FARMER, *Appellant.*

Opinion filed January 10, 1992.

*Kenneth M. Carpenter,* of Carpenter Chartered, of Topeka, for appellant.

*Sue Carpenter,* assistant district attorney, *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRISCOE, C.J., RULON, J., and JAMES W. PADDOCK, District Judge, assigned.

RULON, J.: Michael J. Farmer, defendant, appeals the district court's denial of his motion to dismiss an order rescinding an earlier order discharging him from probation. We reverse.

A brief outline of the underlying facts is helpful to our discussion of the issue presented.

In January 1985, defendant was charged with attempted first-degree murder and aggravated battery. The State eventually dismissed the aggravated battery charge and amended the attempted murder charge to attempted second-degree murder. Defendant entered a plea of no contest to this charge. On December 4, 1985, he was sentenced to 3 to 10 years' incarceration and ordered to undergo an evaluation by the State Reception and Diagnostic Center.

Defendant then moved the court for sentence modification, requesting probation because he claimed probation would allow him to continue treatment at the Veterans Administration Hospital for post-traumatic stress syndrome from his service in Viet Nam. The court granted defendant's motion and placed him on five years' probation subject to certain conditions. The journal entry was filed March 31, 1986.

On October 3, 1988, the district court filed an order of early discharge from probation. The order stated that defendant had

complied with all conditions of his probation and had reported as scheduled to his probation officer, that probation was no longer necessary, and that discharge would be an added incentive for defendant to continue to function in the role of a law-abiding citizen. Defendant was discharged from probation. The discharge was recommended by the court services officer and approved by the district attorney.

On December 14, 1988, the district court filed an order rescinding the earlier order discharging defendant from probation. The order placed defendant back on probation under the conditions specified in the March 1986 order. This order is very brief and states no reasons for the rescission. There is no document in the record on appeal indicating why the court rescinded its earlier order of discharge.

At a hearing conducted on April 27, 1990, to determine whether defendant's probation should be revoked, defense counsel objected to the proceeding because the defendant had been discharged from probation and the court was thus without jurisdiction in the matter. The State argued that the court had properly vacated the order of discharge from probation because the discharge had been fraudulently obtained. Defense counsel responded that he knew nothing about any fraud or false statements by defendant in being discharged from probation. In rejecting the defendant's argument, the district court essentially reached the conclusion that the order discharging the defendant from probation had been "improvidently signed."

Defendant filed a motion on March 26, 1991, seeking dismissal of the order rescinding discharge from probation. The court denied the motion.

Before us, the kernel of defendant's argument is that the district court's jurisdiction over him ended with its termination of his probation. The State responds that the district court has the power to correct errors in the record, and that the court was simply exercising this power when rescinding the earlier order of discharge from probation.

K.S.A. 21-4611(1) briefly discusses the termination of probation:

"**21-4611. Period of suspension of sentence, probation or assignment to community corrections; parole of misdemeanant.** (1) The period of suspension of sentence, probation or assignment to community corrections fixed

by the court shall not exceed five years in felony cases or two years in misdemeanor cases, subject to renewal and extension for additional fixed periods not exceeding five years in felony cases, nor two years in misdemeanor cases. In no event shall the total period of probation, suspension of sentence or assignment to community corrections for a felony exceed the greatest maximum term provided by law for the crime, except that where the defendant is convicted of nonsupport of a child, the period may be continued as long as the responsibility for support continues. *Probation, suspension of sentence or assignment to community corrections may be terminated by the court at any time and upon such termination or upon termination by expiration of the term of probation, suspension of sentence or assignment to community corrections, an order to this effect shall be entered by the court."* (Emphasis added.)

This statute is the only utterance in Chapter 21, Article 46 of the Kansas Statutes Annotated on the subject of termination of probation by the court. There is no language in this statute that could be construed as allowing the court to continue to exercise jurisdiction over a probationer who either has been discharged from probation before the end of the probationary period or has completed probation pursuant to the court's order.

The State cites six cases from other jurisdictions as support for the district court's authority to rescind the order discharging Farmer from probation: *Weydeveld v. Weydeveld*, 100 Colo. 301, 67 P.2d 72 (1937); *E.C. Robinson Lumber Company v. Hazel*, 271 S.W.2d 610 (Mo. App. 1954); *Gottwals v. Rencher*, 60 Nev. 47, 98 P.2d 481 (1940); *State v. Cannon*, 244 N.C. 399, 94 S.E.2d 339 (1956); *Caprita v. Caprita*, 145 Ohio St. 5, 60 N.E.2d 483 (1945); *Highland v. Strosnider*, 118 W. Va. 647, 191 S.E. 531 (1937). These cases are not persuasive authority supporting a conclusion that a court's jurisdiction over a probationer continues after his or her discharge from probation. These cases merely apply the rule that a court may correct errors in records of proceedings had before it. In each of these cases, an action or order of the trial court failed to be recorded into the record of the proceeding. The trial court simply ordered that the record be amended to accurately reflect its judgment or action. "The errors which a judge or court has inherent power to correct at any time, except as restrained by statute, are limited to clerical and such other errors of record, as prevent it from expressing the judgment rendered." *Highland*, 118 W. Va. at 648. A court

may correct records "insofar as they fail to record, or improperly record, a judgment rendered by the court, as distinguished from the correction of an error in the judgment itself, or in the failure to render the judgment." *Caprita*, 145 Ohio St. at 7.

Here, in the order rescinding defendant's discharge from probation, the district court made no findings indicating the court was correcting a clerical error in the record. Indeed, the order of discharge is very explicit and clear in the language used to terminate defendant's probation. There is nothing in the record before us to support a conclusion that this language did not accurately reflect the court's order of October 3, 1988, discharging defendant from probation. The October 3, 1988, order is an absolute discharge from or termination of probation. "A defendant placed on probation is under the court's supervision pending further order or final judgment." *Commonwealth v. Brandano*, 359 Mass. 332, 336, 269 N.E.2d 84 (1971). The trial court maintains continuing jurisdiction over a probationer *during the time he or she is on probation. People v. Lampkins*, 28 Ill. App. 3d 254, 256, 328 N.E.2d 106 (1975).

The district court's jurisdiction over defendant ceased with the termination of his probation on October 3, 1988. The court therefore acted without jurisdiction when rescinding the order of discharge and ordering defendant back on probation on December 14, 1988. A judgment is void where the court is without jurisdiction to decide the issue. See *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 (1983). Essential to the validity of a criminal sentence is the presence of jurisdiction by the court over the defendant, the offense charged, and the question its judgment assumes to decide. *State v. Minor*, 197 Kan. 296, 299, 416 P.2d 724 (1966). If defendant violated the law after his discharge from probation, the district court could acquire jurisdiction to adjudicate his guilt and sentence him only through the commencement of prosecution for the particular crime. See K.S.A. 22-2301(1) ("Unless otherwise provided by law, a prosecution shall be commenced by filing a complaint with a magistrate."). The order of the district court affirming the rescission of defendant's discharge from probation is reversed.

The judgment of the district court is reversed, and the case is remanded with directions to enter an order that defendant's probation was terminated as of October 3, 1988.