No. 87,079

STATE OF KANSAS, *Appellant*, v. DONATO L. STOUGH, *Appellee*.

(41 P.3d 281)

Opin-
ion filed March 8, 2002.

*Robert D. Hecht*, district attorney, argued the cause, and *Deborah L. Hughes*, assistant district attorney, was with him on the brief for appellant.

*Thomas G. Lemon*, of Fisher, Cavanaugh, Smith & Lemon, P.A., of Topeka, argued the cause, and *Todd D. Powell*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This appeal raises questions of whether a trial court has jurisdiction to consider a motion to withdraw nolo contendere or guilty pleas and, if it does, whether it is an abuse of discretion to permit withdrawal of the pleas and dismissal of charges after the

defendant had pled guilty, or nolo contendere and been sentenced, granted probation, and discharged from probation.

In May 1995, Donato M. Stough was charged with 22 drug-related counts, including numerous counts of unlawful use of a communications facility (telephone) in violation of K.S.A. 1994 Supp. 65-4141, and numerous counts of possession of illegal substances in violation of K.S.A. 1994 Supp. 65-4163(a)(3). The charges arose from conduct during February 1995. Shawnee County Sheriff's Officer Timothy Oblander, who was acting as an undercover agent, observed Stough's illegal acts and collected evidence, including the controlled substances seized throughout the investigation, according to the affidavit of the assistant district attorney requesting arrest warrants.

On December 8, 1995, Stough pled guilty to one count of violating K.S.A. 1994 Supp. 65-4141 and one count of violating K.S.A. 1994 Supp. 65-4163(a)(3). He was sentenced on February 23, 1996, to a controlling sentence of 22 months in prison. The court suspended the sentence and placed Stough on 36 months' probation. He successfully completed the terms of his probation and was discharged therefrom by an order filed July 17, 1998.

On March 28, 2001, Stough moved to set aside his pleas and for dismissal of the charges with prejudice because, as stated in his motion, "[a]fter completing probation, the defendant discovered there was a strong potential that former Sheriff's Department deputies tampered with the evidence in this matter" and "[o]n May 11, 1999, in case number 95CR1809, the Honorable Judge Eric Rosen [held] similarly situated defendants in cases with potential tampering could file for appropriate relief consistent with the court's order."

The State's response noted Stough had completed his sentence and Judge Rosen's order was issued after Stough had been released from probation. It contended the court lacked jurisdiction to "enter any orders whatsoever in regards to the case, the pleadings, the plea, the sentence, post-sentence matters or otherwise." The response suggested that if Stough had a post-conviction challenge, the appropriate remedy was to exercise the proceedings contemplated by K.S.A. 60-1507.

At the extremely abbreviated hearing, the trial judge who had earlier sentenced Stough and granted him probation noted that Stough's motion "emanates[d] from the *Hernandez* situation." Defense counsel apprised the court that the delay had resulted from previous counsel not taking action on Stough's behalf, that an arresting officer had told him Stough fell within the perimeters of the court's order in the *Hernandez* case, and that charges against two of Stough's codefendants had been dismissed, one when Officer Oblander claimed his Fifth Amendment right to remain silent and refused to testify.

The State orally argued the contentions of its written response that the court lacked jurisdiction and the motion would need to be brought under K.S.A. 60-1507. Stough's counsel orally moved to seek the requested relief pursuant to K.S.A. 60-1507. The court granted Stough's motion.

The court then said:

"And we also don't need to get into a great deal of those facts, because this Court and Mr. Rues [the prosecutor] have been down this road several times before and are intimately aware of all the allegations that relate to the Oblander situation and the *Hernandez* case, and so we don't need to restate all those matters."

The State responded that it would oppose the motion on previous grounds raised (apparently in reference to cases previously before the court where the same issues had been argued) by stating: "We stand on previous grounds that we had before in terms of the ability to prove that all the evidence was tampered with that we previously appeared in front of you on."

The court did not ask Stough's counsel for any evidence or for any further statement and immediately sustained Stough's motion to set aside his pleas and dismissed the charges with prejudice. The court said:

"Well, again this Court has extensively heard that evidence and has come to the conclusion that certainly the activities by the sheriff's office during the critical dates, and I don't think there is any dispute that this case falls within those dates, would raise any evidence seized in that situation and being held by the sheriff's department would have been tainted and that it was all due to the very outrageous conduct of the sheriff's department during that time period.

"The Court is going to go ahead and sustain the defendant's motion."

From this ruling, the State has appealed.

Although the trial court failed to directly rule on the State's claim of lack of jurisdiction, the ruling made must be considered to be a denial of the State's response and a finding that jurisdiction existed. Therefore, we first consider the State's argument that the district court lacked jurisdiction to consider Stough's motion because he had completed the term of his sentence and had been discharged from his probation.

Jurisdiction is a question of law over which this court has unlimited review. *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999). It logically follows that if an order of the district court was entered without jurisdiction, this court does not acquire jurisdiction on appeal. See *Board of Sedgwick County Comm'rs v. Action Rent to Own, Inc.*, 266 Kan. 293, 296, 969 P.2d 844 (1998).

In support of its argument of lack of jurisdiction, the State relies on *State v. Farmer*, 16 Kan. App. 2d 419, 824 P.2d 998 (1992), and *State v. Underwood*, 228 Kan. 294, 615 P.2d 153 (1980). In *Farmer*, the defendant was discharged from probation by the trial court. In a later order the trial court attempted to rescind the discharge. The Court of Appeals reversed the trial court and held that once the defendant was discharged the court was without jurisdiction to order him back on probation. 16 Kan. App. 2d at 422.

*Farmer* is not applicable to the facts of our case. It specifically relates to and directly involves the court's probationary powers under K.S.A. 21-4611(1). Unlike the *Farmer* case, the trial court in our case did not attempt to exercise jurisdiction over Stough to place him back on probation after his probation had been terminated. Here, Stough's case involves the power of the trial court to permit withdrawal of a plea after sentence under K.S.A. 22-3210(d), which specifically states:

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

*Underwood* is on point, but, contrary to the State's argument, it is supportive of jurisdiction to consider the motion to withdraw the

pleas after sentence. In *Underwood,* the defendant appealed the trial court's refusal to permit him to withdraw his plea for a previously committed crime, the conviction of which was essential to upholding his guilt of felony murder. Underwood argued that as to the plea to his previous crime, he had been promised that no sentence would be imposed and that after successfully serving 2 years of probation, the case would be dismissed or automatically expunged. The trial court held:

" 'The defendant has served his period of probation and has been released by the court. The judgment has been completed, the order executed, and the defendant released by the court. Therefore, the court has no jurisdiction to carry out the provisions under K.S.A. 22-3210(7), [now K.S.A. 22-3210(d)] as requested by the defendant.' " 228 Kan. at 297.

Our court upheld the decision of the trial court, but on the grounds it was not an abuse of discretion to refuse to allow the plea to be withdrawn. At no point did we conclude the trial court lacked jurisdiction to permit withdrawal of the plea, and the effect of our decision was directly to the contrary. After reviewing the record, we quoted the last sentence of K.S.A. 22-3210(7) (Weeks), held that Underwood's testimony had been rejected by the trial court, and then stated:

"A plea of guilty or nolo contendere may be withdrawn after sentence as provided in K.S.A. 22-3210(7) for good cause shown only when in the discretion of the trial court it becomes necessary to correct manifest injustice. Not every deviation from the requirements of the statute governing entry of pleas will require withdrawal of a plea. *Trotter v. State,* 218 Kan. 266, 269, 543 P.2d 1023 (1975). In *Hicks v. State,* 220 Kan. 279, 283, 552 P.2d 889 (1976), we held the failure of the sentencing court to advise the defendant as to his parole eligibility did not require withdrawal of defendant's plea of guilty. Withdrawal of a plea is discretionary with the trial court. Considering the lapse of time and the facts of this case we cannot find the trial court abused its discretion in refusing to permit the appellant to withdraw his plea." 228 Kan. at 300.

*Underwood* does not support the State's argument. The court specifically declined to reach its conclusion based on lack of jurisdiction, but rather found the existence of jurisdiction and that the court had properly exercised its discretion in refusing to permit the withdrawal of the plea "to correct manifest injustice."

This result and holding is entirely consistent with the history of proceedings in Kansas where withdrawal of a plea has been requested. The cases are legion in number, and the overwhelming result is that the request is denied.

When the present statutory provision was enacted in 1970 as 22-1210(7) (with language nearly identical to K.S.A. 22-3210[d]), the comment in the October 1969 Kansas Judicial Council Bulletin, p.68, stated: "Many current post-conviction proceedings raise questions concerning pleas of guilty. Claims of coercion, lack of advice and lack of understanding are common in such cases. The proposal seeks to avoid these problems."

The problems have not been avoided as we continue to have large numbers of cases where pleas are asked to be withdrawn, but the statutory language mirrors what was the Kansas common law prior to 1970.

The standard incorporated in the statute is well set forth in *State v. Byrd*, 203 Kan. 45, 52-53, 453 P.2d 22 (1969), were we stated:

"An analysis of our decisions indicates permission to withdraw a plea depends upon the facts and circumstances of each case. Generally, it is a question of fact for the trial court to determine if the plea was voluntarily and understandingly made. The issue to be determined is whether the ends of justice will be served by permitting the withdrawal. If a manifest injustice to the defendant would result from refusal then permission to withdraw should be granted. [Citations omitted.]"

An excellent summary of this issue is set forth by Chief Justice Harvey in *State v. Nichols*, 167 Kan. 565, 207 P.2d 469 (1949), where nine cases beginning with *City of Salina v. Cooper*, 45 Kan. 12, 25 Pac. 233 (1890), and ending with *State v. Bowser*, 155 Kan. 723, 129 P.2d 268 (1942), were reviewed. In discussing motions to set aside a plea, *Nichols* opinion stated:

"The appropriate method of seeking to have that done is for defendant to file a motion in the same court and in the same case in which the plea was entered. The motion should set up the facts in issuable form showing or tending to show grounds upon which the plea should be set aside. Ordinarily it is required to allege that the defendant is not guilty of the crime charged. The time of the filing of the motion, whether before or after the sentence, is not controlling. Neither is the fact that defendant has appealed his case, or is serving the sentence imposed, controlling, but it should be filed with reasonable promptness, as soon as defendant or his counsel learns facts which would justify the court in setting aside the

plea. It is possible, of course, that defendant may file such a motion when no such grounds exist. When the motion is filed alleging facts which would justify the court granting it, if established by competent evidence, a hearing may be offered in favor of or opposed to the motion. The court has jurisdiction to hear and rule upon the motion. It is not a motion for a new trial, though if granted the result is to give defendant another opportunity to have a trial, if he wants it. The motion is addressed to the sound judicial discretion of the court. This discretion should never be abused." 167 Kan. at 577-78.

The *Nichols* opinion recognized that at that time there was "no statute specifically pertaining to motions to withdraw pleas of guilty in criminal cases. The matter [was] handled in each case upon principles of natural justice as applied to the facts of the case and the legal situation." 167 Kan. 565, Syl. ¶ 4.

When the statutory provisions of L. 1970, ch. 129, sec. 22-3210(7) (now K.S.A. 2000 Supp. 22-3210[d]) were enacted, the legislature placed no limitation on the time within which a motion to withdraw a plea after sentence must be filed. We will not impose such a limit when the legislature has not so provided. We hold the trial court has jurisdiction at any time after a sentence is imposed to permit a defendant to withdraw his or her plea in order to correct manifest injustice. This has been our court-designated rule through the years and remains our statutory rule under K.S.A. 2000 Supp. 22-3210(d).

Although the State's response to Stough's motion only contended the trial court lacked jurisdiction to consider the relief requested, it also suggested that if a remedy existed, it would be under K.S.A. 60-1507. The State now admits this assertion to be erroneous because Stough was not in custody under any sentence. We agree.

In addition to its jurisdiction argument, the State at the hearing before the trial court said it relied on "previous grounds . . . that we previously appeared in front of you on." It appears the State realized from previous cases where the same issues and facts had been presented that there *was* "manifest injustice" in the actions of Officer Oblander, and the State chose in this case to primarily make its stand on the lack of jurisdiction argument. That argument is fully briefed on appeal, but the State also now for the first time alleges:

(1) There is no right to attempt to withdraw a plea when a defendant has previously been found guilty after a nolo contendere plea,

(2) Stough was required to and failed to allege he was not guilty of the crimes charged,

(3) withdrawal of the pleas and setting aside the convictions still require the convictions to exist for subsequent sentencing purposes, resulting in no essential difference between the relief granted here and expungement relief, which is available and so precludes any showing of "manifest injustice,"

(4) it was an abuse of discretion to permit withdrawal of the pleas and dismissal of the charges without showing the drug evidence against Stough was tampered with,

(5) a hearing should have been held requiring proof that the specific evidence in Stough's case had been tampered with, and

(6) allowing withdrawal of the plea and dismissing the charge of unlawful use of a communications facility (telephone) was improper because the charge was not connected to drug evidence.

While it might appear proper to refuse to consider these arguments as they involve questions and issues not presented to the trial court, which we do not generally consider for the first time on appeal, see *State v. Smith*, 268 Kan. 222, 243, 993 P.2d 1213 (1999), the overriding single issue these contentions collectively raise is that the trial court abused its discretion in granting Stough the relief he requested. And, since Stough's motion asked the court "to correct manifest injustice," the question of whether the trial court abused its discretion in granting the requested relief is an issue properly raised on appeal which we must consider.

When the question is raised as to whether judicial discretion was abused, we have said: "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court." *State v. Williams*, 268 Kan. 1, 8, 988 P.2d 722 (1999).

We do not endorse the summary manner in which the motion was considered and are in fact severely restricted by the limited record in this case. However, Stough correctly argues an appellant

has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, an appellate court presumes the action of the trial court was proper. *State v. Moncla*, 262 Kan. 58, 68, 936 P.2d 727 (1997).

The trial judge and the prosecutor had clearly been involved in several earlier cases where the precise questions and issues raised here had been resolved against the State. The trial court took judicial notice of the conduct of Officer Oblander. He was the only substantial witnesses against Stough and had refused to testify against a codefendant of Stough's after claiming his Fifth Amendment rights against self-incrimination. It is questionable that judicial notice of these actions was proper under K.S.A. 60-409, see *Jones v. Bordman*, 243 Kan. 444, 459, 759 P.2d 953 (1988), but there was no objection by the prosecutor. See K.S.A. 60-404, *State v. Deiterman*, 271 Kan. 975, 984, 29 P.3d 411 (2001). In fact, the prosecutor's statement that "[w]e stand on previous grounds that we had before in terms of the ability to prove that all evidence was tampered with that we previously appeared in front of you on" appears to be an admission that the evidence had been tampered with as Stough had alleged.

The State unconvincingly argues that when Stough entered his plea, he waived his rights to later withdraw that plea. While K.S.A. 22-3209(2) does say that a "plea of *nolo contendere* is a formal declaration that the defendant does not contest the charge," this does not override or nullify the rights granted by 22-3210(d) to withdraw that plea "to correct manifest injustice."

We have recently answered the State's contention that Stough's motion must allege that he was not guilty in *State v. Vasquez*, 272 Kan. 692, 36 P.3d 246 (2001). In a unanimous opinion with Justice Allegrucci speaking for the court we analyzed the precise issue, although the request there was for withdrawal of a plea before sentencing. We said: "It is apparent that this court does not require an allegation that the defendant is not guilty as charged as a prerequisite for withdrawing a plea of guilty or nolo contendere prior to sentencing." 272 Kan. at 696. We hold that such a rule would also apply when the request was made after sentencing.

The effect of the trial court's order as to Stough's criminal history in a subsequent sentencing hearing and whether expungement is available is not a question that has any bearing on our decision in this case and will not be considered.

The State's argument that because Oblander's conduct only affected the drugs seized, it was unreasonable for the trial court to permit withdrawal of a plea and to dismiss with prejudice the charge of unlawful use of a communications facility (telephone) fails for one primary reason. The arrest affidavit shows that all of the telephone calls upon which the charges were based were between Stough and Oblander. Where Oblander had claimed the Fifth Amendment in Stough's codefendant's case, it is not unreasonable for the court to expect the same conduct on Stough's charges.

As to the contention that a hearing should have been held, that is exactly what the proceedings before the trial court purported to be. While it would have been more desirable for the purpose of our review to have the ability to examine the precise testimony with which the parties were apparently familiar, we must deal with the record that we are presented.

The State apparently realized its only chance for success was on its lack of jurisdiction argument. As we have held, that attempt fails. We can only conclude from the record presented that the State conceded sufficient facts existed to find the pleas should be withdrawn and the charges dismissed "to prevent manifest injustice." It was not an abuse of discretion for the trial court to so rule.

Affirmed.

DAVIS, J., not participating.

BRAZIL, S.J., assigned.