(86 P.3d 551)

No. 89,477

STATE OF KANSAS, *Appellant,* v. JUSTIN S. JOHNSON, *Appellee.*

Opin-
ion filed March 26, 2004.

*Tristram W. Hunt* and *Robbin Wasson,* assistant district attorneys, *Nick A. Tomasic,* district attorney, and *Phill Kline,* attorney general, for appellant.

*Cory D. Riddle* and *Theresa Barr,* assistant appellate defenders, for appellee.

Before JOHNSON, P.J., MARQUARDT and GREENE, JJ.

MARQUARDT, J.: Justin S. Johnson was acquitted of kidnapping and attempted aggravated robbery by a jury. The State appeals upon a question reserved, asking this court to determine whether a defense attorney may refer to a State witness as a liar. We sustain the appeal.

At trial, Johnson's attorney made statements during closing argument regarding a "web of lie[s]," specifically referencing the lack

of veracity by the State's main witness, Terrance Belcher. The State contemporaneously objected, arguing that it was misconduct for a defense attorney to refer to a prosecution witness as a liar. After some discussion, the State's objection was overruled, and Johnson was acquitted on all charges.

The State timely appeals the trial court's decision to overrule the objection to defense counsel making comment in closing arguments on the credibility of a State witness.

Johnson contends that the State is asking this court for an advisory opinion regarding the application of the Kansas Rules of Professional Conduct (KRPC) 3.4(e) (2003 Kan. Ct. R. Annot. 429). Johnson argues that this matter is not one of statewide importance and does not qualify as a question reserved.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

K.S.A. 2003 Supp. 22-3602(b)(3) provides, in relevant part:

"Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:

. . . .

"(3) upon a question reserved by the prosecution."

The purpose of permitting the State to appeal a question reserved is to allow the prosecution to obtain review of a trial court's adverse ruling on a legal issue of statewide interest that is important to the correct and uniform administration of criminal justice. No formal procedural steps are required by K.S.A. 2003 Supp. 22-3602(b)(3) to appeal on a question reserved. All that is necessary for the State to reserve a question for presentation on appeal is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken, laying the same foundation for appeal that a defendant is required to lay. *State v. Mountjoy*, 257 Kan. 163, 166, 891 P.2d 376 (1995).

Questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to demonstrate whether error has been committed by the trial court or that a decision would be

helpful precedent. *State v. Woodling*, 264 Kan. 684, 687-88, 957 P.2d 398 (1998).

In the instant case, the State asks this court to "state quite plainly that it is misconduct for any attorney, prosecutor or defense, to call witnesses liars when such statements are not supported by the evidence during closing argument or at any other time." The State requests that we "clarify a misconception that exists in the State of Kansas that defense counsel may comment on the credibility of witnesses during closing argument when the evidence does not support such comment." The State also asks this court to interpret KRPC 3.4(e).

When conduct is measured by the Kansas Rules of Professional Conduct, it is a matter of attorney discipline and is generally reported to the Kansas Disciplinary Administrator for investigation. However, when prosecutorial misconduct is alleged in circumstances similar to those that appear in this case, our court reviews the case and determines whether it is error, and then if it is error, whether it is harmless error. See *State v. Davis*, 275 Kan. 107, 121, 61 P.3d 701 (2003).

We believe that the State's question is one of statewide importance because of the many cases that are brought to our court when prosecutorial misconduct is alleged. Therefore, we will accept jurisdiction to consider this issue. KRPC 3.4(e) does not distinguish between prosecutor or defense counsel. When defense counsel calls a State witness a liar, he or she violates KRPC 3.4(e). Defense counsel, like the prosecutor, is prohibited from commenting on the credibility of a witness. Here, defense counsel clearly violated KRPC 3.4(e) by commenting on the credibility of a witness. A trial court which overrules a prosecutor's objection to defense counsel calling a State witness a liar compounds the violation of KRPC 3.4(e). Here, since the trial court overruled the prosecutor's objection to defense counsel's improper remark and further proceeded without instructing the jury to disregard the comment, we find that this conduct is a matter of statewide importance. Both counsel and judge are officers of the court and are required to abide by the rules of conduct. The trial court erred in overruling the prosecutor's objection.

Appeal sustained.