(186 P.3d 803)

No. 95,278[1]

STATE OF KANSAS, *Appellee*, v. COURTNEY D. HOLT, *Appellant*.

Opinion filed July 13, 2007.

*Jay Witt*, of Kansas Appellate Defender Office, for appellant.

---

[1] Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish pursuant to Rule 7.04 (2007 Kan. Ct. R. Annot. 51). The published version was filed with the Clerk of the Appellate Courts on June 10, 2008.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., GREEN and MARQUARDT, JJ.

MALONE, J.: Courtney D. Holt appeals the district court's imposition of an 18-month probation term following his conviction of one count of attempted possession of marijuana. Holt claims his presumptive probation term under the Kansas Sentencing Guidelines Act (KSGA) was limited to 12 months, and the district court failed to make the required findings to extend the probation term to 18 months.

Holt pled guilty to one count of attempted possession of marijuana in violation of K.S.A. 65-4162, a drug severity level 4 felony. Holt's criminal history score was H. On June 22, 2005, the district court imposed a sentence of 7 months, plus 12 months' postrelease supervision, and placed Holt on 18 months' probation. The district court ordered Holt to attend mandatory drug treatment for up to 18 months pursuant to Senate Bill 123 (K.S.A. 21-4729). The district court also ordered Holt's sentence to run consecutive to his sentence in case No. 04CR1259. Holt timely appeals.

Holt claims the district court erred in imposing a probation term of 18 months. Holt claims his presumptive probation term under the KSGA was limited to 12 months and the district court failed to make the required findings under K.S.A. 21-4611(c)(5) to extend the probation term to 18 months. Holt's argument requires statutory interpretation. "The interpretation of a statute is a question of law over which this court has unlimited review. An appellate court is not bound by the trial court's interpretation. [Citation omitted.]" *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

As a preliminary matter, the State argues Holt's appeal is moot because Holt's probation has been subsequently revoked. An appeal will not be dismissed for mootness unless it is clearly and convincingly shown that the actual controversy has ended and the only judgment that could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the case are concerned. *State v. McIntyre*, 30 Kan. App. 2d 705, 706, 46 P.3d 1212 (2002).

In September 2005, the State filed a motion to revoke Holt's probation. Holt stipulated to the probation violations, and the district court revoked and then reinstated his probation in November 2005. In August 2006, the State filed another motion to revoke Holt's probation. Holt stipulated to failing to complete outpatient treatment, failing to report to his probation officer, and failing to pay his court fees. On November 17, 2006, the district court revoked Holt's probation and ordered him to serve his underlying sentence. Because Holt's probation was revoked due to technical violations, he was released from his postrelease supervision term. See K.S.A. 22-3716(e).

The State argues the issue concerning Holt's probation term is moot because the district court has revoked Holt's probation and ordered him to serve his underlying sentence. However, because the State's final motion to revoke probation was filed more than 12 months after the probationary period began, the issue raised by Holt is not moot for this reason. If the district court had only ordered 12 months of probation, as Holt argues it should have, then the State's motion to revoke probation would have been untimely.

The State also argues the appeal is moot because Holt has now completely served his sentence. In November 2006, the district court revoked Holt's probation and ordered him to serve his underlying 7 months' sentence. Holt had already earned significant jail credit at that time, but the record is unclear exactly how much jail credit Holt had earned. The journal entry from the November 2005 revocation hearing indicated Holt had earned 118 days of jail credit, but the journal entry from the November 2006 revocation hearing indicated he had only earned 62 days of jail credit. In either event, it appears that Holt has now served his underlying sentence in this case.

However, we note the district court ordered Holt's sentence to run consecutive with his sentence in case No. 04CR1259. We do not know Holt's current incarceration status, and we are unable to determine from the record to what extent Holt's sentence in this case may have affected his term of incarceration or the potential release date in the other case. Because the record does not con-

clusively establish that our opinion is only advisory, we decline to dismiss Holt's appeal as moot.

Turning to the merits of the appeal, Holt claims the district court erred in imposing a probation term of 18 months. Holt contends that under K.S.A. 21-4611, the maximum probation term the district court could have imposed was 12 months. The State, however, contends the district court was authorized to impose a probation term of 18 months pursuant to K.S.A. 21-4729.

For crimes committed on or after July 1, 1993, the duration of probation in felony cases is set forth in K.S.A. 21-4611(c). Holt committed a drug severity level 4 felony. As such, Holt's presumptive term of probation should have been limited to 12 months pursuant to K.S.A. 21-4611(c)(3). However, the district court may impose a longer period of probation if it finds and sets forth with particularity that public safety will be jeopardized or that the welfare of the inmate will not be served by imposing a shorter term. K.S.A. 21-4611(c)(5). Here, the district court did not make the necessary findings to impose a longer period of probation.

The district court imposed an 18 months' probation term on Holt, relying on K.S.A. 21-4729. This statute provides a nonprison certified drug abuse treatment program for certain offenders. The district court found that Holt fell under the statute because he attempted to violate K.S.A. 65-4162, and he fell in the drug grid block 4-H. K.S.A. 21-4729(a)(1). According to K.S.A. 21-4729(c), "The sentencing court shall commit the offender to treatment in a drug abuse treatment program until determined suitable for discharge by the court but *the term of treatment shall not exceed 18 months*." (Emphasis added.)

By its plain language, K.S.A. 21-4611 sets forth the maximum duration of probation that a district court can impose in felony cases. K.S.A. 21-4729, however, does not address the duration of probation. Instead it merely sets forth the maximum term for which a court can commit a defendant to a drug abuse treatment program. Simply put, K.S.A. 21-4729 only addresses the duration of a defendant's *term of drug treatment*, whereas K.S.A. 21-4611 addresses the duration of a defendant's *term of probation*.

Because K.S.A. 21-4611, rather than K.S.A. 21-4729, sets forth the maximum probation term a district court can impose, Holt's presumptive term of probation was limited to 12 months. See K.S.A. 21-4611(c)(3). The district court could have imposed a longer probation term of 18 months if it had made the necessary findings under K.S.A. 21-4611(c)(5). However, it failed to do so. Without making these requisite findings, the district court's extension of Holt's probation was an abuse of discretion, resulting in an illegal sentence. See *McIntyre*, 30 Kan. App. 2d at 708-09; *State v. Jones*, 30 Kan. App. 2d 210, 213-14, 41 P.3d 293 (2001).

Finally, Holt claims his Sixth and Fourteenth Amendment rights under the United States Constitution were violated when the district court enhanced his sentence based on his prior criminal history. Holt contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the district court should have required his criminal history to be proved to a jury beyond a reasonable doubt. Holt acknowledges the Kansas Supreme Court has previously rejected this argument in *State v. Ivory*, 273 Kan. 44, Syl., 41 P.3d 781 (2002) (*Apprendi* does not apply where sentence was based on defendant's criminal history score). We have no indication the Kansas Supreme Court would depart from its holding in *Ivory*, and this court is duty bound to follow precedent. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004).

In summary, we acknowledge that resentencing Holt may now be moot. However, we are unable to conclusively determine this from the record. Thus, we are remanding this case to district court. If the district court determines that resentencing Holt is moot as to this case or any other case pending against Holt, then no further proceedings are necessary and the case may be journalized to so indicate. Otherwise, the district court must "turn back the clock" and resentence Holt for his conviction of attempted possession of marijuana. In resentencing Holt, the district court may impose an 18-month probation term, but only if the district court makes the necessary findings pursuant to K.S.A. 21-4611(c)(5).

Remanded for further proceedings consistent with this opinion.