No. 101,805

STATE OF KANSAS, *Appellee*, v. DEREK ALONZO, *Appellant*.

(297 P.3d 300)

Opinion filed March 29, 2013.

*Christina M. Kerls*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Jason A. Oropeza*, assistant county attorney, argued the cause, and *David L. Miller*, county attorney, *Steve Six*, former attorney general, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

LUCKERT, J.: In this appeal, Derek Alonzo argues the district court did not have jurisdiction to resentence him to correct errors in his original sentence after his original sentence would have expired but for the sentencing errors. We agree and vacate the sentence imposed at his resentencing.

FACTS AND PROCEDURAL BACKGROUND

In 2005, Alonzo pleaded guilty to attempted possession of methamphetamine, in violation of K.S.A. 21-3301 and K.S.A. 2004 Supp. 65-4160(a), a drug severity level 4 felony. At the sentencing hearing on July 14, 2005, the district court imposed an underlying prison term of 7 months and granted Alonzo 18 months' probation with mandatory drug treatment pursuant to K.S.A. 2004 Supp. 21-4729. Although required under K.S.A. 21-4611(c)(5) of the Kansas Sentencing Guidelines Act, the district court made no findings to

extend Alonzo's presumptive term of probation from 12 months to 18 months. Alonzo did not appeal his original sentence.

Almost 18 months after Alonzo's sentence was imposed, on January 12, 2007, the State filed a motion to revoke Alonzo's probation, alleging he had tested positive for amphetamines on four occasions and had been unsuccessfully discharged from outpatient substance abuse treatment. The district court held a probation violation hearing on February 8, 2007. At the hearing, Alonzo admitted to violating the terms and conditions of his probation by using drugs and not completing treatment. The district court revoked and then reinstated Alonzo's probation for an additional 18 months.

On March 11, 2008, the State filed a second motion to revoke Alonzo's probation. The State alleged Alonzo had violated the terms and conditions of his probation by being arrested and charged with various offenses, failing to inform his supervising probation officer of those arrests, and testing positive for alcohol use.

While the second probation violation motion was pending, the district court held a hearing to resentence Alonzo on November 20, 2008, and to correct the failure to make findings justifying the extended probation term. Following *State v. Holt*, 39 Kan. App. 2d 741, 186 P.3d 803 (2007), the district court made findings under K.S.A. 21-4611(c)(5) to extend Alonzo's presumptive probation term from 12 months to 18 months. Specifically, the district court found that Alonzo's welfare would not be served by a 12-month probation term because of the nature of the offense and because his evaluation indicated to the court that Alonzo would be better served by the opportunity to receive drug treatment pursuant to K.S.A. 2004 Supp. 21-4729. Alonzo timely appealed his resentencing.

Before the Court of Appeals, Alonzo challenged the district court's jurisdiction to resentence him because, according to Alonzo, he had already completed the only portion of his original sentence that was legal—the 12-month presumptive probation term under K.S.A. 2004 Supp. 21-4705 and K.S.A. 21-4611(c)(3). He argued this meant the district court's jurisdiction over him ended when his legal term of probation ended on July 14, 2006.

Consequently, Alonzo contended the district court lacked jurisdiction to revoke and reinstate his probation on February 8, 2007, or to resentence him under *Holt* on November 20, 2008. The Court of Appeals rejected Alonzo's arguments and affirmed the district court. *State v. Alonzo*, No. 101,805, 2010 WL 1610404 (Kan. App. 2010) (unpublished opinion).

Alonzo filed a petition for review, which this court granted. This court has jurisdiction under K.S.A. 20-3018(b).

## ANALYSIS

Before us, Alonzo argues the Court of Appeals erred in its holding that the district court had jurisdiction to resentence him in November 2008. An issue of jurisdiction presents a question of law over which this court's scope of review is unlimited. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009), *cert denied* 130 S. Ct. 3410 (2010). Further, to the extent this appeal involves statutory interpretation, a legal question is presented over which this court has unlimited review. See *State v. Inkelaar*, 293 Kan. 414, 433, 264 P.3d 81 (2011).

The focus of the arguments before us, as well as before the district court and the Court of Appeals, relates to the application of *Holt*. In *Holt*, the defendant pleaded guilty to one count of attempted possession of marijuana, a drug severity level 4 felony. On June 22, 2005, the district court imposed an underlying sentence of 7 months' imprisonment but granted probation for a term of 18 months, along with mandatory drug treatment. Like Alonzo, Holt claimed his presumptive probation term under the Kansas Sentencing Guidelines Act was limited to 12 months and the district court failed to make the required findings to extend the probation term to 18 months. *Holt*, 39 Kan. App. 2d at 742.

In September 2005, which was still within the presumptive 12-month probation period, the State filed a motion to revoke Holt's probation. Holt stipulated to the probation violations, and the district court revoked and then reinstated his probation in November 2005. Holt appealed, and while his appeal was pending, on November 17, 2006, the district court revoked Holt's probation a second time due to probation violations. At this point, Holt had been

on probation more than the 12-month presumptive probation period but less than the 18-month probation period the district court had imposed. Even though his appeal was from the first revocation order, Holt raised arguments regarding the second order; specifically, he argued the State's second motion to revoke probation was untimely because it fell outside the 12-month period that was the legal portion of the sentence.

The Court of Appeals in *Holt* recognized that the district court could have imposed a longer probation term of 18 months if it had made the necessary findings under K.S.A. 21-4611(c)(5). Nevertheless, because the district court had failed to make those findings, the Court of Appeals held the extension of Holt's probation was an abuse of discretion, resulting in an illegal sentence. *Holt*, 39 Kan. App. 2d at 745 (citing *State v. McIntyre*, 30 Kan. App. 2d 705, 708-09, 46 P.3d 1212 [2002]; *State v. Jones*, 30 Kan. App. 2d 210, 213-14, 41 P.3d 293 [2001]).

Significant to our analysis, both Alonzo and the State embrace the *Holt* court's reasoning to this point. The State, in its brief filed with this court, stated: "When a sentence does not conform to statutory guidelines, it amounts to an abuse of discretion and results in an illegal sentence." Alonzo similarly relies on *Holt* in arguing for a determination that his sentence was illegal, entitling him to relief from the sentence. As a result, the question of whether Alonzo's sentence is illegal is not before us.

The disagreement in this case focuses on the available remedy for an illegal sentence. In *Holt*, the Court of Appeals remanded the case for the district court to " 'turn back the clock' " and resentence Holt for his conviction of attempted possession of marijuana. 39 Kan. App. 2d at 745. The Court of Appeals indicated that "[i]n resentencing Holt, the district court may impose an 18-month probation term, but only if the district court makes the necessary findings pursuant to K.S.A. 21-4611(c)(5)." 39 Kan. App. 2d at 745.

In this case, the State argues the same remedy is available because, "[p]ursuant to K.S.A. 22-3504, an illegal sentence can be corrected at any time. The defendant in this case never appealed the district court's imposition of an 18 month probation term when he was sentenced [on] July 14, 2005." The Court of Appeals agreed

and stated that "[u]pon challenging an illegal sentence, the remedy is to vacate the illegal sentence and resentence the defendant; the remedy is not to default to the presumptive guidelines sentence." *Alonzo*, 2010 WL 1610404, at *2.

In arguing that the Court of Appeals' reliance on *Holt* was misplaced, Alonzo contends that *Holt* is distinguishable because "the defendant's sentence in *Holt* had not run at the time the sentence was appealed and the district court resentenced him pursuant to the Court of Appeals' remand order." To support his argument that the district court lacked jurisdiction to resentence him, Alonzo cites two cases, *State v. Cisneros*, 36 Kan. App. 2d 901, 147 P.3d 880 (2006), and *State v. Farmer*, 16 Kan. App. 2d 419, 824 P.2d 998 (1992). In both of those cases, the Court of Appeals held that once the lawful term of probation has expired or been terminated, the district court no longer has jurisdiction over the defendant to reinstate or revoke the probation. *Cisneros*, 36 Kan. App. 2d at 905-06; *Farmer*, 16 Kan. App. 2d at 422.

In *Cisneros*, the defendant agreed to extend his probation on the last day of his probationary period because he had not completed substance abuse counseling, but the order journalizing his agreement to the extended probation period was not approved and filed until 4 days after his original term of probation ended. Soon thereafter, Cisneros violated the conditions of his probation, and the district court revoked his probation. On appeal, the Court of Appeals held that the district court lost jurisdiction to modify or extend the probation after the original term of probation had expired. *Cisneros*, 36 Kan. App. 2d at 905.

In *Farmer*, the district court filed an early order of discharge from probation. The order stated that Farmer had complied with all conditions of his probation and had reported as scheduled to his probation officer, probation was no longer necessary, and discharge would be an added incentive for Farmer to continue to function in the role of a law-abiding citizen. Several months later, the court filed an order rescinding the prior discharge order. At a hearing on the matter, the district court indicated that the discharge order had been " 'improvidently signed.' " *Farmer*, 16 Kan. App. 2d at 420. On appeal, the Court of Appeals held that the

district court's jurisdiction over Farmer ceased with the termination of his probation. As such, the district court acted without jurisdiction when rescinding the order of discharge and ordering Farmer back on probation several months later. *Farmer*, 16 Kan. App. 2d at 422.

In this case, before the Court of Appeals, Alonzo argued the district court's jurisdiction ended on July 14, 2006—the end of the 12-month presumptive probation period—and the district court's jurisdiction over him ceased at that point, just as the district courts in *Cisneros* and *Farmer* lost jurisdiction at the end of the original periods of probation. The Court of Appeals distinguished Alonzo's situation from *Cisneros* and *Farmer*, however, noting that Alonzo was originally sentenced to a probation term of 18 months and he did not appeal his sentence. Thus, unlike Cisneros and Farmer, the Court of Appeals reasoned that Alonzo's original probation had not expired or terminated. Rather, at the time of his resentencing, Alonzo's probation was still in place, and he was being lawfully supervised in accordance with the district court's prior orders, which had not been appealed. *Alonzo*, 2010 WL 1610404, at *2.

While we agree with the Court of Appeals' conclusion that this case differs from *Cisneros* and *Farmer*, we disagree that Alonzo's failure to appeal the original sentence or the fact that the district court was still asserting jurisdiction means the district court legally had jurisdiction to resentence Alonzo. The implication of the Court of Appeals' reliance on Alonzo's failure to appeal his first sentence is that he thereby waived his illegal sentencing argument. However, it is well settled that an illegal sentence may be corrected at any time and may be corrected in a collateral proceeding rather than on direct appeal. K.S.A. 22-3504(1); *State v. Berreth*, 294 Kan. 98, 102, 273 P.3d 752 (2012). Additionally, in the situation where a party seeks to correct an illegal sentence, claim preclusion doctrines have generally been applied only when the issue has been previously raised. See, *e.g.*, *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012); *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008). Although this court has used general res judicata language in these cases when describing the doctrine—*i.e.*, has stated the doctrine applies when an issue was *or could have been* presented—

typically the issue has been actually raised. To require a defendant to challenge a sentence on appeal in order to preserve the right to later attack a sentence as illegal would be contrary to the clear language in K.S.A. 22-3504(1) that an illegal sentence may be corrected at any time.

In addition, although Alonzo was still on probation when he was resentenced on November 20, 2008—over 3 years after the original date of sentencing on July 14, 2005—this is only because the district court had extended the probation term in a manner contrary to K.S.A. 21-4611(c)(5). In contrast, those courts hearing Holt's appeal and subsequent resentencing on remand retained jurisdiction because Holt appealed his original sentence. See K.S.A. 22-3605 (disposition of criminal case on appeal); K.S.A. 22-3607 (addressing disposition of defendant when judgment reversed on appeal). Likewise, in other cases on direct appeal, this court has allowed a remand to clarify the reasons justifying a sentence or a sentencing departure. See, *e.g.*, *State v. Spencer*, 291 Kan. 796, 829-30, 248 P.3d 256 (2011) (on remand from direct appeal, district court could reevaluate and/or add to reasons for departure in Jessica's Law case); *State v. Blackmon*, 285 Kan. 719, 732, 176 P.3d 160 (2008) (on State's appeal, appropriate remedy was to vacate sentence and remand to give district court opportunity to cite appropriate reasons justifying imposition of downward departure sentence); *State v. Garcia*, 274 Kan. 708, 716-17, 56 P.3d 797 (2002) (remanding from direct appeal to give district court opportunity to make proper findings justifying upward departure sentence); see also *State v. Anthony*, 273 Kan. 726, 730, 45 P.3d 852 (2002) (finding appellate court hearing direct appeal has authority pursuant to K.S.A. 22-3504 to *sua sponte* correct illegal sentence and remand for imposition of corrected sentence).

Other than *Holt*, which is distinguishable because the direct appeal allowed the court to retain jurisdiction to correct sentencing errors, the State has not cited any authority to support the concept that the district court had jurisdiction when it "corrected" Alonzo's sentence. In the absence to a citation to authority for the proposition, we are unwilling to extend a court's jurisdiction based on an illegal order. Following the State's logic, a court could retain juris-

diction over a defendant forever by stringing together a series of orders that originate from an invalid sentence. Instead, we hold that if a district court fails to comply with the requirements of K.S.A. 21-4611(c)(5) by imposing an extended period of probation without making required findings and the State agrees the sentence is therefore illegal, the district court only has jurisdiction to re-sentence the defendant during the period of probation that complied with K.S.A. 21-4611(c)(5)—in this case, the 12-month presumptive sentence—unless jurisdiction is retained because the original sentence is on appeal. See *State v. Valladarez*, 288 Kan. 671, Syl. ¶ 3, 206 P.3d 879 (2009) ("The subject matter jurisdiction of a district court and its judges is defined by statute.").

Because in this case the district court imposed the "corrected" sentence after the 12-month probation period had expired, we vacate the "corrected" sentence and all orders relating to the revocation of Alonzo's probation.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is vacated.