NOT DESIGNATED FOR PUBLICATION

No. 114,139

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES SCROGGINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 21, 2016. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Mollie R. Hill*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*:  James Scroggins appeals the district court's denial of his motion to correct an illegal sentence. His motion challenged the classification of two convictions from California as person felonies for his criminal history score. Finding no reversible error, we affirm the district court's ruling.

FACTS

On May 18, 2004, Scroggins pled guilty to one count of aggravated battery and one count of aggravated burglary. Neither Scroggins nor his counsel objected to the

1

content of the presentence investigation (PSI) report or to the criminal history score. Based in part on a criminal history score of A, Scroggins was sentenced to 172 months in prison on the aggravated battery count, with 36 months' postrelease supervision, and 32 months in prison on the aggravated burglary count. Scroggins did not take a direct appeal.

Ten years later, Scroggins filed a motion to correct an illegal sentence, relying on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, Scroggins argued that his criminal history score would have been a B if the district court had properly classified his 1990 conviction of robbery in California and a 1980 conviction of burglary in California as nonperson crimes.

The PSI report contained the following convictions classified as person felonies:

- Attempted Murder (California, 1990)
- Robbery (California, 1990)
- Assault with a Deadly Weapon (California, 1990)
- Assault with a Deadly Weapon (California, 1980)
- Burglary (Kansas, 1979)

Because the PSI report did not list a 1980 California burglary conviction, the only conviction remaining subject to this appeal is the 1990 robbery conviction.

We first note that we have jurisdiction over this appeal despite the 10 years between sentencing and the filing of the motion to correct an illegal sentence. A court may correct an illegal sentence at any time. K.S.A. 22-3504. Moreover, Scroggins' failure to challenge a sentence on direct appeal or object to the classifications at sentencing does not bar him from filing a motion to correct an illegal sentence. See *State v. Dickey*, 301

2

Kan. 1018, 1032, 350 P.3d 1054 (2015); *State v. Alonzo*, 296 Kan. 1052, 1057, 297 P.3d 300 (2013). Scroggins timely filed his notice of appeal.

Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Under K.S.A. 22-3504, an illegal sentence is: "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" *Moncla*, 301 Kan. at 551. The classification of a prior felony as person or nonperson for criminal history scoring may be challenged as an illegal sentence. *Dickey*, 301 Kan. at 1034.

The classification of an out-of-state felony as person or nonperson is evaluated under *Dickey* in accordance with the dictates of *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The revised Kansas Sentencing Guidelines Act (KSGA) governs how out-of-state convictions are to be scored for criminal history purposes. K.S.A. 2015 Supp. 21-6811(e)(3). The first step is to determine whether there is a Kansas statute comparable to the other state's statute that governed the prior conviction. If no comparable Kansas statute exists, the out-of-state felony must be classified as a nonperson felony. If a comparable Kansas statute is found, the KSGA specifies use of the version in effect on the date the current crime of conviction was committed. The elements of the out-of-state offense are compared to the elements of the Kansas statute to determine whether a jury, in convicting a defendant in the other state, would have necessarily found each element required for conviction in Kansas. See *Dickey*, 301 Kan. at 1036-39.

However, it is not necessary to conduct a *Dickey* analysis of the robbery statute in effect in California in 1990. Any error in classification of the robbery is harmless. Even if the burglary were reclassified as a nonperson felony, Scroggins' criminal history score would remain at A because he had four other person felonies on his PSI report.

The State notes that Scroggins' 1979 Kansas burglary conviction should have been classified as a nonperson felony, pursuant to *Dickey*. It is not necessary for us to rule on the correctness of the State's assertion because Scroggins waived this issue by failing to raise it or brief it on appeal. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Further, any error in classification of this crime is harmless—Scroggins' criminal history score would remain at A because at least three person felonies remain on his PSI report. See K.S.A. 2015 Supp. 21-6809. The only judgment that could be entered here—a remand for resentencing—would be "ineffectual for any purpose, and it would not impact any of the parties' rights." *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012). Thus, the issue is moot and the district court's ruling is affirmed.

Affirmed.