NOT DESIGNATED FOR PUBLICATION

No. 115,239

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY CHARLES CHISM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER. Opinion filed March 3, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*: Timothy Charles Chism appeals the district court's order revoking his probation and imposing his underlying prison sentence. He claims the district court lacked jurisdiction to revoke his probation because the district court originally imposed an illegal sentence by ordering him to serve consecutive probation terms.

In January 2014, in line with his plea agreement with the State, Chism pled guilty to two drug crimes. In March 2014, the district court sentenced Chism to a controlling prison term of 51 months for these two crimes but, consistent with the recommendation of the parties, placed him on consecutive probation terms of 18 months and 12 months.

1

The following month, in April 2014, the State moved to revoke Chism's probation for various probation violations, including being charged with a new crime. At the hearing that followed in September 2014, Chism stipulated to some of the probation violations. The district court imposed an intermediate sanction of 180 days in Kansas Department of Corrections' custody and extended Chism's probation term for 18 months from the date of the hearing. (It is unclear from the record whether the district court modified both of Chism's probation terms so that they were no longer to be served consecutively.)

In February 2015, about 11 months after Chism's original sentencing, the State again moved to revoke Chism's probation for probation violations and new crimes. At the hearing in May 2015, the district court found that Chism committed new drug crimes. The court revoked Chism's probation and imposed his underlying prison sentence. Chism's appeal brings the matter to us.

Chism argues that the district court originally imposed an illegal sentence by ordering him to serve consecutive probation terms. See K.S.A. 2016 Supp. 21-6819(b)(8). Chism claims his sentence is illegal because the terms of probation initially imposed did not conform to the applicable statutory provision in its term of authorized punishment. See *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014). Thus, he argues, the court lacked jurisdiction to later revoke his probation. He asks us to reverse the district court's revocation order, to vacate his sentence, and to remand for the district court to impose a lawful probation term. Chism's argument raises questions of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016); *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015), *cert. denied* 136 S. Ct. 1364 (2016).

There is no problem with Chism raising the claimed illegality of his original sentence at this late date. Such a claim can be raised at any time, including for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016).

The district court typically has discretion to impose either concurrent or consecutive sentences. But the court may not impose consecutive probation terms. K.S.A. 2016 Supp. 21-6819(b)(8). Here, the district court imposed consecutive prison terms *and* also ordered consecutive probation terms of 18 months and 12 months, contrary to K.S.A. 2016 Supp. 21-6819(b)(8) and resulting in an illegal sentence. See *State v. Holt*, 39 Kan. App. 2d 741, 745, 186 P.3d 803 (2007). Chism argues from this conclusion that the district court was without jurisdiction to later revoke his probation and impose his underlying prison term.

*State v. Alonzo*, 296 Kan. 1052, 297 P.3d 300 (2013), is instructive. There, the district court sentenced Alonzo to 18 months' probation when, under the applicable sentencing statute, the court could only sentence him to 12 months' probation unless the court made certain findings. After Alonzo served 12 months of probation, but before the end of his 18 month probation term, the State moved to revoke his probation. The district court revoked Alonzo's probation and then reinstated it for an additional 18 months. When the State again moved to revoke his probation, the district court sought to make the findings necessary to support a probation term longer than 12 months and to extend Alonzo's probation for 18 months.

On appeal, our Supreme Court concluded that the district court retained jurisdiction during the initial 12 months after Alonzo's original sentencing, but lost jurisdiction to resentence him after he had served the statutorily allowed 12-month probation term. Because the district court imposed the "'corrected'" sentence after the statutorily allowed 12-month probation period had expired, the Supreme Court vacated the "'corrected'" sentence and all orders relating to the revocation of Alonzo's probation. 296 Kan. at 1059.

In Chism's case, and contrary to K.S.A. 2016 Supp. 21-6819(b)(8), the district court sentenced Chism to consecutive probation terms of 18 months and 12 months.

3

Chism's lawful probation term was 18 months. Consistent with *Alonzo*, the district court retained jurisdiction during this statutorily allowed 18-month probation period. The State's motion to revoke Chism's probation was asserted well within his original 18-month probation term. Thus, the district court had jurisdiction to revoke Chism's probation and to order him to serve his underlying prison sentences. Chism's argument fails.

Affirmed.