NOT DESIGNATED FOR PUBLICATION

No. 114,532

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN CHARLES TOWLE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed April 14, 2017. Affirmed in part and dismissed in part.


*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.


*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., PIERRON and BRUNS, JJ.


LEBEN, J.:  John Charles Towle appeals the district court's decision to revoke his probation on two grounds. First, he contends the underlying sentence was illegal since the district court improperly stacked three probation periods one after another, something that's not statutorily authorized. But Towle violated his probation during the first 24 months, a time period within the court's statutory authority, and our court has upheld a probation revocation in similar circumstances. See *State v. Chism*, No. 115,239, 2017 WL 840251 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 31, 2017. Second, he challenges the decision to revoke his probation, arguing both that the district court shouldn't have revoked it for the violations he committed and that even if the court

1

properly revoked his probation, it should have granted his motion at that time to reduce his sentence. But Towle committed several violations—including an arrest for aggravated battery that resulted in a new conviction—so we find no abuse of discretion in revoking his probation. And the original sentence he received was a guidelines sentence (*i.e.*, a sentence within the prescribed range in our sentencing guidelines), so we have no jurisdiction over an appeal of the sentence itself. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2013, as part of a plea agreement with the State, Towle pled no contest to aggravated battery, aggravated assault, and criminal possession of a firearm as a convicted felon. In the plea agreement, Towle and the State agreed that Towle should be sentenced to probation for a total of 48 months with the underlying sentences for aggravated battery and aggravated assault to run one after the other and the sentence for criminal possession of a firearm to run at the same time as the other charges.

At sentencing, consistent with the recommendation of the parties, the district court granted Towle's request to be placed on probation instead of being sent to prison. The court sentenced Towle to a total of 48 months on probation—24 months for aggravated battery, 12 months for aggravated assault, and 12 months for criminal possession of a firearm, with each probation term to run consecutively, or one after the other. Rejecting the parties' recommendations, the court ordered Towle's underlying prison sentences to run consecutively as well. So if Towle failed on probation, he would be required to serve 47 months in prison—27 months for aggravated battery, 12 months for aggravated assault, and 8 months for criminal possession of a firearm, all added together.

In October 2014, about 11 months after Towle's sentencing, the State filed a motion to revoke probation, claiming that Towle had violated probation by committing

2

new crimes, including aggravated battery stemming from a bar fight; failing to make any payments toward fines and fees; using illegal drugs; and violating curfew on several occasions.

On June 30, 2015, the district court held a hearing on the motion to revoke and sentenced Towle on the new conviction for aggravated battery. Towle had admitted to violating probation at an earlier hearing; in addition, in a new criminal case arising out of the bar fight, Towle had been found guilty of reckless aggravated battery. In this case, based on the probation violations, the State asked that the court revoke Towle's probation and send him to serve his 47-month prison sentence.

Towle asked for the court to send him for a 180-day stay in prison as a sanction for his violations and then place him back on probation. In the alternative, if the court declined that option and sent him to prison, Towle asked that the court reduce the overall length of the original sentence from 47 months to 27 months.

The district court revoked Towle's probation and ordered that he serve the original 47-month sentence. The court did not specify the reason for revocation at the hearing—the parties were well aware that Towle had been found guilty of a new crime, reckless aggravated battery—but the court's written journal entry indicated the revocation was because of the new conviction.

Towle has appealed to this court.

ANALYSIS

Towle makes three arguments on appeal. First, he argues that the district court's sentence was illegal, leaving the court without jurisdiction to revoke his probation. Second, he argues that even if the district court had jurisdiction to revoke his probation, it

3

shouldn't have. Third, he argues that even if the court had the ability to revoke his probation, it should have granted him a reduced sentence at that time. We will consider each of the arguments in that order.

Towle first argues that the district court imposed an illegal sentence when it ordered the probation terms to run consecutively in violation of a sentencing statute. He's right that the district court can't legally make several probation terms consecutive to one another—K.S.A. 2016 Supp. 21-6819(b)(8) prohibits that: "[T]he nonprison terms shall not be aggregated or served consecutively even though the underlying prison sentences have been ordered to be served consecutively." So the district court's sentence, which stacked three probation terms, was contrary to statute and, thus, an illegal sentence. But the question we must answer is whether that left the court without authority to revoke Towle's probation when he violated it during the first of the three stacked probation terms—the one that was statutorily authorized?

Our Supreme Court faced a similar question in *State v. Alonzo*, 296 Kan. 1052, 297 P.3d 300 (2013). There, the district court had sentenced the defendant to an 18-month probation term, but the applicable statute authorized only a 12-month term. After Alonzo had served 12 months of probation but before the end of the 18-month term, the State filed a motion to revoke his probation. The court granted the motion, reinstating probation for a new 18-month period. Our Supreme Court vacated that order as without jurisdiction, saying it was "unwilling to extend a court's jurisdiction based on an illegal order." 296 Kan. at 1058. In *Alonzo*, the State agreed that the extended 18-month probation order was illegal, 296 Kan. at 1055, and the court concluded that the district court only had jurisdiction to resentence the defendant during the 12-month probation period that was statutorily authorized. 296 Kan. at 1059.

Our court relied on *Alonzo* in *Chism*, where the defendant made the same argument Towle makes here. In *Chism*, as here, the parties recommended at sentencing

4

that the court place the defendant on consecutive probation terms—there, 18 months and 12 months. There, as here, doing so created an illegal sentence. During the original 18-month probation term, Chism committed new crimes, and the district court revoked his probation and sent him to serve his prison sentence. On appeal, he argued that the district court lacked authority to revoke his probation since the sentence was illegal. Our court found *Alonzo* instructive and concluded that since Chism's probation was revoked during the first 18 months of probation—a sentence that was statutorily authorized—the court still had jurisdiction to revoke probation and send Chism to serve his prison sentence. 2017 WL 840251, at *2.

We agree with the *Chism* opinion. In our case, Towle violated his probation during the initial—legal—probation term. Based on the severity level of Towle's aggravated-battery conviction, his lawful probation term was 24 months. See K.S.A. 2016 Supp. 21-6608(c)(1)(B). The district court revoked Towle's probation during that time period, so it had jurisdiction to consider the State's claim that Towle had violated his probation and, if a significant violation was found, to revoke the probation and send Towle to prison.

Before leaving this first issue, we should note that the State also argued that we should not reach this issue at all since Towle had agreed to serve a 48-month probation term in his plea agreement. Thus, the State argued that Towle had waived any objection to the illegal sentence. We have proceeded to consider the issue, though, because a defendant cannot agree to an illegal sentence. See *State v. Weber*, 297 Kan. 805, 815, 304 P.3d 1262 (2013); *State v. Shull*, 52 Kan. App. 2d 981, 987, 381 P.3d 499 (2016), *petition for rev. filed* September 30, 2016. And under K.S.A. 22-3504(1), a court may correct an illegal sentence at any time. *State v. Dickey*, 305 Kan. 217, 219, 380 P.3d 230 (2016).

Towle's second claim is that even if the district court had the authority to revoke his probation (as we have now concluded it did), the court should not have done so. Once a probation violation has been established, the decision to revoke

probation is within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A district court abuses its discretion when its decision is based on a factual or legal error or when no reasonable person would agree with its decision. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016).

Under a statutory change made a few years ago, the district court's discretion to send someone to prison is not unlimited. Instead, unless an exception applies, K.S.A. 2016 Supp. 22-3716(c) requires that the district court first impose an intermediate sanction and reinstate probation before it may order someone who has violated probation to serve his or her underlying prison sentence. The first intermediate sanction is 2 or 3 days in the county jail. K.S.A. 2016 Supp. 22-3716(c)(1)(B). Following the first sanction, the court may order the probationer to serve 120 or 180 days in prison, but these longer sanctions may only be ordered once. K.S.A. 2016 Supp. 22-3716(c)(1)(C)-(D).

But a district court is not required to impose any intermediate sanction before imposing the underlying prison sentence if the probationer commits a new felony or misdemeanor. K.S.A. 2016 Supp. 22-3716(c)(8)(A); *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 4, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Here, by the time the court considered revocation of Towle's probation, he had been found guilty of a new felony offense, reckless aggravated battery. That left whether to revoke Towle's probation and send him to serve his prison sentence as a discretionary judgment call for the district court to make. See *Brown*, 51 Kan. App. 2d at 880.

Before the district court, Towle apologized for his mistakes, told the court he had obtained full-time employment, and explained his need to be present for his family. Towle also asked for leniency, arguing that although he had entered a plea to the new

6

reckless aggravated battery charge, the actual evidence was not strong and the jury could have acquitted him.

On these facts, the district court did not abuse its discretion in revoking Towle's probation and sending him to serve his prison sentence. Towle had been on probation for aggravated battery and aggravated assault for less than a year when he hit another patron in a bar with a beer bottle during a fight, resulting in the new conviction. The district court concluded that Towle was a danger to the community and declined to give him another chance at probation. A reasonable person could agree with that decision, so there is no abuse of discretion.

Towle's final claim on appeal is that the district court should have granted his request for a reduced prison sentence in the event it revoked his probation. We do not have jurisdiction to consider that argument because Towle's original sentence was within the ranges provided in our state's sentencing guidelines. The legislature has not given us jurisdiction to review on appeal "[a]ny sentence that is within the presumptive [guideline] sentence for the crime." K.S.A. 2016 Supp. 21-6820(c)(1). We therefore have no jurisdiction to consider a district court's decision not to reduce a guideline sentence when the court revokes a defendant's probation. See *State v. Weekes*, No. 115,739, 2017 WL 840280, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* April 3, 2017; *State v. Everett*, No. 111,168, 2015 WL 4366445, at *1 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. ___ (October 21, 2016).

We dismiss Towle's challenge to the district court's denial of his motion to reduce his sentence for lack of jurisdiction, and we affirm the district court's judgment.

7