NOT DESIGNATED FOR PUBLICATION

No. 123,608

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDY RAKESTRAW JR.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Crawford District Court; MARY JENNIFER BRUNETTI, judge. Opinion filed December 10, 2021. Vacated and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Reina Probert*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., SCHROEDER and CLINE, JJ.


PER CURIAM: Randy Rakestraw Jr. timely appeals the district court's order for restitution. He argues the district court failed to extend his probation and, as a result, he is serving an illegal sentence by remaining on probation. Rakestraw also argues the district court ordered an unworkable restitution plan because of the length of time it would take him to fully repay the restitution owed. After a review of the record, we find the district court failed to extend Rakestraw's probation; therefore, we vacate his probation sentence and remand for the district court to terminate Rakestraw's probation.

FACTS

Rakestraw pled no contest to and was found guilty of attempted aggravated battery for actions committed in June 2013. The district court sentenced Rakestraw to 6 months' imprisonment and 12 months' postrelease supervision but suspended the sentence and placed him on probation for 12 months. The district court ordered Rakestraw to pay, among other costs, restitution in the amount of $8,736, jointly and severally with his codefendant. Rakestraw's terms of probation stated he was to pay $200 per month toward all costs ordered in the case, including restitution.

Rakestraw's probation was extended multiple times due to new convictions and to allow him more time to pay restitution. In June 2020, Rakestraw's intensive supervision officer filed an affidavit reflecting Rakestraw violated the conditions of his probation by failing to make payments toward court costs or restitution. At the November 2020 probation revocation hearing, Rakestraw admitted he violated the terms of probation by failing to make any payments toward his court costs and restitution since 2018. Rakestraw told the district court he paid about $500 per month—roughly 25 percent of his total monthly income—in bills. Rakestraw requested the district court discharge him from probation and find the State's requested restitution plan unworkable because it would take him over eight years to pay in full and he could not make payments on top of his other bills. The district court took the matter under advisement.

In its written order filed in December 2020, the district court denied Rakestraw's request to excuse restitution based on his financial circumstances. The district court determined Rakestraw was working; he was not financially responsible for anyone other than himself; and, other than speculative budgetary restraints, he could make restitution payments. The district court ordered Rakestraw to pay $20 per month toward restitution until it was paid in full or he petitioned the district court to discharge the same. The district court did not extend his term of probation in its order.

ANALYSIS

Rakestraw contends his probation expired in July 2020 and he is now serving an illegal sentence by remaining on probation after the district court failed to extend or officially terminate his probation.

Whether a sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which we have unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). K.S.A. 2020 Supp. 21-6608(c)(7) states in relevant part: "If the defendant is ordered to pay full or partial restitution, the [probation] period may be continued as long as the amount of restitution ordered has not been paid." Despite the district court's ability to extend probation if a defendant continues to owe restitution, the sentence still must be a legal one.

An illegal sentence as defined by K.S.A. 2020 Supp. 22-3504(c)(1) is "a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." At Rakestraw's probation revocation hearing, the district court noted Rakestraw admitted to violating the terms of his probation. But the revocation hearing largely focused on Rakestraw's alleged inability to pay restitution and whether it would be feasible to extend probation until restitution was paid. The district court took the matter under advisement and did not pronounce a disposition from the bench.

In its written order, the district court failed to extend Rakestraw's probation and, instead, only addressed the workability of Rakestraw's restitution plan. Specifically, Rakestraw's sentence did not conform to the applicable statutory provisions allowing the district court to extend probation because there was no order extending his probation, and

3

his sentence was ambiguous because the district court did not issue an order or journal entry addressing the length of the extended term of probation, if any.

Rakestraw's probation term ended in July 2020, and Rakestraw completed his sentence at that time. However, the record reflects Rakestraw remains on probation. Without a timely order extending Rakestraw's probation, the terms of his probation are ambiguous as to the time and manner he is supposed to serve. Therefore, Rakestraw is serving an illegal sentence.

Next, we must determine if the district court has jurisdiction to correct the illegal sentence and order Rakestraw to remain on probation until his restitution is paid in full. We have unlimited review over jurisdictional questions. *State v. Alonzo*, 296 Kan. 1052, 1054, 297 P.3d 300 (2013).

The district court maintains continuing jurisdiction over a probationer while he or she is on probation. The district court's jurisdiction ceases when the probationary period terminates. *State v. Cisneros*, 36 Kan. App. 2d 901, 903, 147 P.3d 880 (2006). K.S.A. 2020 Supp. 22-3716(e) provides for an additional 30-day period after the date probation "was to end to issue a warrant for the arrest or notice to appear for the defendant to answer a charge of a violation of the conditions of probation . . . ."

Our Supreme Court previously addressed the appropriate remedy to correct an illegal probationary sentence and was unwilling to extend the district court's jurisdiction based on an illegal order. *Alonzo*, 296 Kan. at 1058. In fact, the *Alonzo* court found that unless jurisdiction was retained because the original sentence was on appeal, the district court only had jurisdiction to resentence during the period of probation that complied with statutory requirements. 296 Kan. at 1059.

4

The district court failed to extend Rakestraw's probation, which has now expired, and lacks jurisdiction to extend his probation. Rakestraw's probationary term is vacated. Because the district court lacks jurisdiction to extend Rakestraw's probation, and the restitution order was a condition of his expired probation term, we decline to address the workability of the restitution plan.

Vacated and remanded with directions to terminate Rakestraw's probation term.