NOT DESIGNATED FOR PUBLICATION

No. 128,380

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JESSICA MARIE MORENO,
*Appellant.*

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed March 20, 2026. Reversed in part and remanded with directions.

*Sam Schirer*, of Capital Appeals and Conflicts Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and HILL, JJ.

PER CURIAM: Jessica Marie Moreno was convicted of identity fraud and theft. The district court imposed consecutive prison sentences for these crimes but then suspended the sentences and granted Moreno probation. Over a year later, the court revoked Moreno's probation and ordered her to serve the original sentences. She now appeals, arguing that the district court lacked jurisdiction to revoke the probation for her theft conviction, as Kansas law only permitted a 12-month probation term for that conviction. We agree. We thus reverse the district court's revocation of her probation for the theft conviction and remand with directions to determine what portion of Moreno's sentence for her identity-fraud conviction remains to be served.

1

After Moreno pleaded no contest to identity fraud and theft, the district court held a sentencing hearing in April 2023. Based on Moreno's criminal-history score of C, the court imposed consecutive 18- and 8-month prison sentences for these offenses. The court then suspended both sentences and placed Moreno on 18 months' probation for each crime. The court also found that Moreno was entitled to 109 days of jail credit for the identity-fraud conviction.

In July 2024, the State filed a motion to revoke Moreno's probation, alleging that she interfered with law enforcement by falsely informing officers that her vehicle had been stolen. The district court held a hearing on the State's motion in September 2024, where Moreno admitted to the violation. Both the State and Moreno recommended a jail sanction and an extension of her probation by six months. But the district court revoked Moreno's probation for both offenses and ordered her to serve the consecutive sentences, for a controlling term of 26 months in prison.

On appeal, Moreno argues that Kansas law only permitted the district court to impose a 12-month probation term for her theft conviction, not the 18-month probation term the district court imposed. Because the State did not move to revoke her probation until 15 months into that term, Moreno argues the district court lacked jurisdiction to revoke her probation and order her to serve the prison sentence for the theft conviction. (Moreno does not challenge the district court's authority to revoke her probation and order her to serve the 18-month sentence for her identity-fraud conviction.) Although Moreno did not raise this argument when the district court revoked her probation, she correctly notes that it is illegal for a district court to impose a sentence when the court lacks jurisdiction to do so. K.S.A. 22-3504(c)(1); see *State v. Alonzo*, 296 Kan. 1052, 1054-55, 297 P.3d 300 (2013). And a court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a).

Kansas statutes tie the duration of a person's probation to the severity level of their conviction. For nondrug crimes, like the offenses Moreno committed, K.S.A. 21-6608(c) currently delineates four probationary terms:

- 36 months of probation for offenses with severity levels 1 through 5 (K.S.A. 21-6608[c][1][A]);

- 24 months of probation for offenses with severity levels 6 and 7 (K.S.A. 21-6608[c][1][B]);

- Up to 18 months of probation for severity-level 8 offenses (K.S.A. 21-6608[c][4]); and

- Up to 12 months of probation for severity-level 9 and 10 offenses (K.S.A. 21-6608[c][3]).

The law also provides district courts with discretion to impose longer probation terms if they are warranted. But before it may order a defendant to serve a different probation term than what would normally be imposed for a severity-level 8, 9, or 10 crime, a court must "find[] and set[] forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections [K.S.A. 21-6608](c)(3) and (c)(4)." K.S.A. 21-6608(c)(5). A district court that has not previously made these findings loses jurisdiction to extend or otherwise take action regarding a person's probationary term once that term has been extended. See *Alonzo*, 296 Kan. at 1058-59.

A district court may modify, extend, or revoke a person's probation at the State's request when that person violates the conditions of their release, subject to certain temporal limitations. See K.S.A. 21-6608(c)(7), (8). But any such request must be made

while the person remains on probation or within 30 days after the probation term has ended. K.S.A. 22-3716(e).

This court considered a situation similar to Moreno's case in *State v. Baker*, 56 Kan. App. 2d 335, 338-39, 429 P.3d 240, *rev. denied* 308 Kan. 1596 (2018). Baker was convicted of one count of severity-level 7 theft and two counts of severity-level 8 forgery; those crimes carried respective limits of 24 and 18 months of probation under K.S.A. 2017 Supp. 21-6608(c). The district court ordered Baker to serve 24 months of probation, or the term applicable to the severity-level-7 offense.

The *Baker* panel interpreted K.S.A. 2017 Supp. 21-6819's requirement that a district court imposing nonprison sentences (like probation) impose "'a nonprison term . . . for each crime conviction'" as a requirement for the court "to impose a distinct period of probation for each conviction in a case like Baker's in which the primary crime includes probation." 56 Kan. App. 2d at 339 (quoting K.S.A. 2017 Supp. 21-6819[b][8]). Put another way, *Baker* held that because K.S.A. 21-6608 imposed different probation terms for different offenses, the district court erred when it imposed a longer probationary term for the forgery convictions than was otherwise permitted by Kansas law without making the required particularized findings regarding the need for that probation term. 56 Kan. App. 2d at 339.

The *Baker* panel found that when Baker's probation was revoked, the district court had no authority to impose prison terms for the forgery convictions because the probation terms for those crimes were complete; only the probation for the theft conviction remained. 56 Kan. App. 2d at 340. In reaching this conclusion, *Baker* rejected an interpretation of K.S.A. 2017 Supp. 21-6819(b)(8) that would automatically require a defendant whose primary nonprison sentence was revoked to serve all the prison sentences for all the crimes. 56 Kan. App. 2d at 340-41.

4

The State now urges us to depart from *Baker*'s analysis, raising many of the same arguments the *Baker* panel found unconvincing. But although we are not bound by the decisions of other panels on our court, we agree with *Baker*'s analysis and find it persuasive. The statutory language analyzed in *Baker* remains largely unaltered today. The State's proposed interpretation would require us to ignore the language of K.S.A. 21-6819(b)(8), which requires a court to impose a probation term for "each crime conviction" when a defendant is serving probation for multiple crimes in one case (as Moreno is doing here). And it would nullify the legislature's decision to impose different probation terms for different severity levels of crimes in K.S.A. 21-6608(c)—an interpretive omission we are loath to make. Accord *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022) (courts do not read requirements into statutory language that the text does not support).

The State also argues that the Kansas Supreme Court limited *Baker*'s holding in *State v. Wilson*, 319 Kan. 55, 63, 552 P.3d 1228 (2024), to cases that involved unitary probation terms, not cases where the court imposed different probation terms for each offense (as the court did here). But our reading of *Wilson* does not support this assertion.

Wilson pleaded guilty to three felonies carrying statutory probation terms of 24, 18, and 12 months. The district court ordered her to serve 24 months' probation "on each conviction" and ordered her to pay restitution. 319 Kan. at 55. Twenty-three months into probation, the court revoked Wilson's probation and ordered her to serve all three underlying sentences consecutively. Wilson argued on appeal that she had completed the probation for two of the felonies and thus the probation on those two counts could not be revoked and the original sentences imposed. The Kansas Supreme Court disagreed, finding that Wilson had not completed her terms of probation because "the district court [had] properly extended Wilson's probation until she fully paid her restitution obligation." 319 Kan. at 63. The Supreme Court noted that this extension provided jurisdiction to later

revoke Wilson's probation. The court thus found that *Baker*'s analysis was "inapplicable." *Wilson*, 319 Kan. at 63.

No one argues in this case that the district court had previously lawfully extended Moreno's probation for her severity-level-9 theft conviction. Thus, the condition that the Supreme Court found to allow the extension of Wilson's probation in that case—and provide jurisdiction to later revoke that probation—is not present here. Put simply, *Wilson* does not alter our analysis or our interpretation of the statutory language that governs our decision under these facts.

Moreno pleaded no contest to severity-level-9 theft. K.S.A. 21-6608(c)(3) allows a district court to impose a probation term for "up to 12 months" for that offense, absent any particularized findings regarding public safety or the needs of the defendant. See K.S.A. 21-6608(c)(3), (5). The district court made no such findings. Thus, the district court exceeded its authority under Kansas law to impose an 18-month probation term for that offense. It likewise follows that Moreno's lawful probation term expired months before the State made any effort to modify or revoke her probation in July 2024. Moreno had completed probation for theft before any action was taken to revoke her probation, so the district court did not have jurisdiction to impose her sentence for her theft conviction.

Before closing, we note that Moreno also argues—and the State concedes—that the 8-month prison sentence for her theft conviction was illegal, as the Guidelines impose a presumptive sentencing range of 5 to 7 months' imprisonment for that offense. See K.S.A. 21-6819(b)(5) (when sentenced for multiple crimes, offenses carrying a lower severity level are calculated based on a criminal-history score of I); K.S.A. 2021 Supp. 21-6804(a) (showing a presumptive sentence of 5 to 7 months' imprisonment for a severity-level-9 offense with a criminal-history score of I). We agree with the parties' conclusion that the longer sentence imposed by the district court exceeded this range and was thus illegal. But because we have determined that the district court lacked

6

jurisdiction to revoke Moreno's probation for the theft conviction, this additional sentencing error has no effect on our order of relief: The length of Moreno's prison sentence for theft is practically immaterial, as the court lacked jurisdiction in September 2024 to order her to serve any prison sentence for that offense.

We reverse the district court's revocation of Moreno's probation for her theft conviction and remand for a determination as to what portion of Moreno's sentence for the identity-fraud conviction, if any, remains to be served.

Reversed in part and remanded with directions.