NOT DESIGNATED FOR PUBLICATION

No. 123,890

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY ALLEN PHILLIPS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON and W. LEE FOWLER, judges. Opinion filed December 17, 2021. Sentence vacated and case remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.

PER CURIAM: Larry Allen Phillips Jr. argues that his sentence for his unlawful tampering with electronic monitoring equipment conviction is illegal. He specifically complains that the trial court wrongly classified two of his previous California convictions as felonies for purposes of calculating his criminal history score. On the other hand, the State points out that Phillips did not contest his criminal history score of C. In absence of a defendant's objection, the presentencing investigation (PSI) report generally satisfies the State's burden of establishing a defendant's criminal history score. The State, however, concedes in its brief that a remand of the two California convictions is

1

necessary to determine whether these convictions should be properly classified as a felony or a misdemeanor crime.

Phillips also argues that the trial court erred by revoking his probation. Because Phillips' argument about his sentence being illegal has merit, we determine that his argument about his probation revocation is moot. Thus, we vacate Phillips' illegal sentence and remand with directions that the trial court resentence Phillips after determining whether his disputed previous California convictions constitute felonies.

FACTS

Because the State alleged that Phillips removed his electronic monitoring device on April 17, 2020, which was a requirement for his ongoing probation in Lyon County criminal case No. 17-CR-533, the State charged Phillips with unlawful tampering with electronic monitoring equipment in Lyon County criminal case No. 20-CR-165. Eventually, Phillips entered into a plea agreement with the State in 20-CR-165 where the State agreed to amend Phillips' charge to attempted unlawful tampering with electronic monitoring equipment in exchange for Phillips' no-contest plea. Then, after Phillips pleaded no contest in 20-CR-165 as required by his plea agreement, the trial court sentenced Phillips to 18 months' probation with an underlying sentence of 18 months' imprisonment followed by 12 months' postrelease supervision. This was Phillips' standard presumptive sentence under the revised Kansas Sentencing Guidelines Act (KSGA) grid based on the trial court's determination that Phillips had a criminal history score of C.

After sentencing, Phillips struggled during his first several months on probation. Even though the trial court issued an order on February 3, 2020, requiring Phillips to enter an inpatient drug treatment program, Phillips did not immediately turn himself into the jail as ordered by the trial court pending a bed becoming available at an inpatient drug treatment facility. Although Phillips ultimately turned himself into jail on February 16,

2

2020, the State moved to revoke Phillips' probation because of his failure to turn himself into the jail on February 3, 2021. It argued that by not turning himself into the jail immediately, Phillips violated his probation condition requiring him to report as directed.

Ultimately, the trial court granted the State's probation revocation motion and ordered Phillips to serve his underlying prison sentence. The trial court noted that Phillips took two weeks before he turned himself into jail as it had ordered. But it stated that it was revoking Phillips' probation because he was "not amenable to probation." And on the journal entry of Phillips' probation violation hearing, the trial court reported that it revoked Phillips' probation because he had "stipulate[d] to violating [it by] failing to report to the jail on 2/3/2020 to serve a sanction pending transport to [an] in-patient drug treatment [program]." It did not mark the boxes indicating that it revoked Phillips' probation either because Phillips had absconded or because Phillips' welfare required it.

Phillips now timely appeals.

ANALYSIS

K.S.A. 2020 Supp. 21-6811(e)(1) states that an offender's out-of-state convictions "shall be used in classifying the offender's criminal history." Meanwhile, K.S.A. 2020 Supp. 21-6811(e)(2) provides that "[a]n out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction." As a result, for purposes of calculating an offender's criminal history score, the trial court should classify an offender's out-of-state conviction as a felony only if the other state classified the offender's conviction as a felony. Additionally, when calculating the offender's criminal history score, the State carries the burden of proving the offender's criminal history score by a preponderance of the evidence. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019).

Under K.S.A. 2020 Supp. 22-3504(c)(1), an "illegal sentence" includes a sentence "that does not conform to the applicable statutory provision, either in character or punishment." Thus, when the trial court sentences an offender using the wrong criminal history score or using a criminal history score supported by insufficient evidence, the trial court imposes an illegal sentence upon the offender as such sentence does not conform with K.S.A. 2020 Supp. 21-6811(e)(1)'s plain language. Also, because this court may correct an illegal sentence at any time, an offender may argue that the trial court imposed an illegal sentence even for the first time on appeal. See K.S.A. 2020 Supp. 22-3504(a); *State v. Kelly*, 298 Kan. 965, 975, 318 P.3d 987 (2014) (holding that Kansas appellate courts may "unquestionably entertain" an offender's illegal sentence argument for the first time on appeal).

On appeal, this court's standard of review depends upon the offender's specific criminal history score complaint. When the offender argues that the trial court imposed an illegal sentence, whether the trial court imposed an illegal sentence constitutes a question of law over which this court exercises unlimited review. *State v. Keel*, 302 Kan. 560, 572, 357 P.3d 251 (2015). Similarly, when considering whether the trial court properly classified the offender's prior out-of-state conviction as a felony, this court exercises unlimited review. *Obregon*, 309 Kan. at 1275. Nonetheless, when the offender argues that the State failed to carry its burden of proof, this court reviews the trial court's finding that the State "met its crime classification burden" for substantial competent evidence. 309 Kan. at 1275.

In his brief, Phillips contends that the trial court imposed an illegal sentence upon him for his unlawful tampering with electronic monitoring equipment conviction. In particular, he argues the trial court wrongly adopted the State's assertion that he had a criminal history score of C under the KSGA grid because the State failed to prove that his criminal history score was C by a preponderance of the evidence. In making this argument, Phillips notes that the trial court's calculation of his criminal history score

included two of his previous California convictions: (1) his 2016 conviction for resisting arrest contrary to Cal. Penal Code § 69 (West) and (1) his 2017 conviction for false imprisonment contrary to Cal. Penal Code § 236 (West). He further stresses that according to his PSI report, both his California resisting arrest and false imprisonment convictions were considered felonies for purposes of calculating his criminal history score. But he then contends (1) that nothing within his PSI report definitively established that his disputed California convictions were felonies and (2) that under California law, this court cannot be certain that his disputed California convictions were felonies.

Simply put, a review of Phillips' PSI report as well as the law controlling Phillips' disputed California convictions for resisting arrest and false imprisonment supports Phillips' position. And the State has conceded as much in its brief, recognizing that it failed to prove Phillips' criminal history score by a preponderance of the evidence at Phillips' sentencing.

First, the person who completed Phillips' PSI report merely said that she classified Phillips' California resisting arrest and false imprisonment convictions as felonies based on information obtained from a prior PSI. So, at Phillips' sentencing, the State could not have relied on Phillips' PSI report to establish that Phillips' disputed prior California convictions were felonies.

Second, as correctly pointed out by Phillips, under California law, not all criminal statutes define a crime as a felony or a misdemeanor. Instead, under California law, there are a special class of crimes, commonly called "wobblers," that give the trial court discretion at sentencing whether to punish the offender by imposing a felony or a misdemeanor. See *People v. Park*, 56 Cal. 4th 782, 789, 156 Cal. Rptr. 3d 307, 299 P.3d 1263 (2013). Here, both Phillips' previous California resisting arrest and false imprisonment convictions constitute wobblers under California law. See *People v. Braden*, 63 Cal. App. 5th 330, 342, 277 Cal. Rptr. 3d 563 (2021) (explaining that the

5

crime of resisting arrest constitutes a wobbler); *People v. Feyrer*, 48 Cal. 4th 426, 443, 106 Cal. Rptr. 3d 518, 226 P.3d 998 (2010) (explaining that the crime of false imprisonment constitutes a wobbler), *overruled on other grounds by Park*, 56 Cal. 4th 782. Still, at Philips' sentencing, the State could not rely on the plain language of the California crimes that Phillips had violated to establish that those crimes constituted felonies for purposes of calculating Phillips' criminal history score.

To summarize, Phillips' PSI report does not establish whether the California trial court classified his California resisting arrest and false imprisonment convictions as felonies. At the same time, California law establishes that the California trial court may have classified Phillips' California resisting arrest and false imprisonment convictions as either misdemeanors or felonies. Given this, as well as the State's concession that it failed to prove Phillips' criminal history score by a preponderance of the evidence, it is readily apparent that the trial court imposed an illegal sentence upon Phillips for his unlawful tampering with electronic monitoring equipment conviction. Additionally, as emphasized by Phillips in his brief, this error may have substantive consequences because it could change his criminal history score from C to D. See K.S.A. 2020 Supp. 21-6804(a) (explaining that for nondrug felonies, the difference between a criminal history score of C and D is whether the offender has a nonperson felony in his or her criminal history).

As a result, the remaining issue that we must decide concerns the appropriate remedy for Phillips' illegal sentence. In his brief, Phillips asks us to vacate his sentence before remanding his case for resentencing. In support of his request, Phillips cites our Supreme Court's *Obregon* decision. There, because Obregon's PSI report failed to establish whether his disputed prior Florida conviction was a person or nonperson crime, our Supreme Court vacated Obregon's sentences before remanding. It explained that this was "necessary so the district court [could] determine the appropriate classification." 309 Kan. at 1275. On the other hand, even though it cites no authority for its request, the State maintains that "under these circumstances," we should remand Phillips' case to the trial

court to determine whether his prior disputed California convictions were felonies. In essence, the State is seemingly asking us not to vacate Phillips' illegal sentence.

At this point, we note that Phillips' case is distinguishable from the *Obregon* decision because *Obregon* involved the classification of an out-of-state crime as a person or nonperson crime for criminal history purposes. After our Supreme Court decided *Obregon*, however, this court has relied on *Obregon* to vacate offenders' sentences when insufficient evidence supported the classification of the offenders' previous convictions as felonies for criminal history purposes. See *State v. Chenault*, No. 121,998, 2020 WL 6935616, at *4 (Kan. App. 2020) (unpublished opinion), *State v. Anderson*, No. 121,640, 2020 WL 6371059, at *5 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. 1042 (2021); *State v. McKoy*, No. 121,636, 2020 WL 5739730, at *2 (Kan. App. 2020) (unpublished opinion); *State v. Arnold*, No. 121,542, 2020 WL 5740900, at *2 (Kan. App. 2020) (unpublished opinion). Likewise, the term "vacate" means "[t]o nullify or cancel; make void; invalidate." Black's Law Dictionary 1862 (11th ed. 2019).

Hence, when an appellate court vacates an offender's illegal sentence, it is as if the trial court never imposed the illegal sentence on the offender in the first place. Also, this conclusion is consistent with this court's holding in *State v. Holt*, 39 Kan. App. 2d 741, 745, 186 P.3d 803 (2007). There, this court held that once an offender establishes that the trial court imposed an illegal sentence, the proper remedy is to "'turn back the clock'" and resentence the offender. See also *State v. Alonzo*, 296 Kan. 1052, 1055-59, 297 P.3d 300 (2013) (considering this language in *Holt* before holding that a court retains jurisdiction to resentence an offender for an illegal sentence if the offender remains serving a legal portion of that sentence).

So even though the State seemingly asks us not to vacate Phillips' sentence, the proper remedy when an offender establishes that the trial court imposed an illegal sentence is to vacate that offender's illegal sentence. Given the preceding, we vacate

Phillips' sentence and remand with directions that the trial court resentence Phillips after resolving the criminal history dispute about classifying Phillips' California resisting arrest and false imprisonment convictions as misdemeanors or felonies.

Yet, because we are vacating Phillips' sentence and remanding for resentencing, Phillips' argument about the trial court wrongly revoking his probation has become moot. Because the trial court must resentence Phillips, there is no longer any controversy regarding whether the trial court had statutory authority to revoke Phillips' probation because the term of probation Phillips violated was the result of an illegal sentence. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012) (holding that this court does not decide moot questions or issue advisory opinions). And so, we vacate Phillips' illegal sentence and remand with directions that the trial court resentence Phillips after determining whether Phillips' disputed previous California convictions constitute felonies.

Sentence vacated and case remanded with directions.